## JONES v. GUY et al.
### No. 4282.

Court of Civil Appeals of Texas. Texarkana.

March 26, 1934.

Rehearing Denied April 5, 1934.

I. C. Underwood and P. O. Beard, both of Marshall, for appellant.

Geo. Prendergast, James T. Casey, and Edwin Lacy, all of Longview, Callaway & Wade, of Fort Worth, and Carrigan, King & Surles, of Wichita Falls, for appellees.

SELLERS, Justice.

Beulah Jones filed this suit on May 16, 1931, in trespass to try title, and sought to cancel certain deeds of conveyance and for an accounting against Mrs. A. B. Guy, McMahon Royalty Company, and Premier Royalties Company; the land involved being sixty acres, a part of the G. W. Hooper survey located in Gregg county, Tex.

On December 2, 1927, Mrs. Guy conveyed to Beulah Jones the land involved for a consideration of $1,000; $100 in cash, and nine notes of $100 each, payable annually thereafter, with interest at the rate of 10 per cent. per annum. The notes were each secured by a vendor's lien.

On January 13, 1931, Beulah Jones executed and delivered to Mrs. Guy the following power of attorney which was duly recorded: "State of Texas, County of Gregg.

"Know All Man By These Presents:

"That I, Beulah Jones, a feme sole, of the County of Gregg, State of Texas, do hereby appoint Mrs. W. J. Guy (Mrs. A. B. Guy) my true and lawful attorney, from and in my name, to sell an oil and gas lease upon the following described tract of land: (Here follows description of the land.) * * *

"It being intended by this deed to convey the South half of the two above described tracts of land.

"To any and all persons for cash, and for such sums or sum of money as in her judgment may be deemed best, giving and granting to my said attorney, full power and authority to do any and all things that I might or could do if personally present, specially authorizing her to sell an oil and gas lease on the aforementioned described land for

money, and to sign any and all papers that may be necessary in selling the oil and gas lease on the aforementioned described tract of land, and to execute any and all papers, as if I were personally present; and for services rendered herein, and to be rendered, and for other valuable consideration, I hereby assign, sell, all assign to the said Mrs. W. J. Guy (Mrs. A. B. Guy) one-half of all the mineral in and under the above and foregoing tract of land to her, her heirs, and assigns, with the provision that the said conveyance of mineral rights shall not give the right to the lease rental that the said Mrs. W. J. Guy (Mrs. A. B. Guy) may receive as my agent and attorney in fact, herein."

(Signed and properly acknowledged.)

Acting under the power of attorney and individually and also joined by Beulah Jones, Mrs. Guy leased the land for oil and gas purposes for a consideration of $3,300. After the above lease had been executed and on May 5, 1931, the following instrument was executed and recorded on May 6, 1931:

"Revocation of Power of Attorney.
"State of Texas, County of Gregg
"Know All Men By These Presents:
"That I, Beulah Jones, have revoked, and by these presents, do revoke, recall, and make void, a certain Power of Attorney, bearing date on or about the 13th day of January, A. D. 1931, executed by me, and appointing Mrs. W. J. Guy (Mrs. A. B. Guy) my attorney in my name, and for my use to lease a certain sixty (60) acre tract of land owned by me, a part of the G. W. Hooper Survey in Gregg County, Texas.

"Witness my hand this the 5th day, of May, A. D. 1931.
"[Signed] Beulah L. Jones."

Thereafter, on May 8, 1931, Mrs. Guy, acting individually and as attorney in fact for Beulah Jones, for a valuable consideration conveyed to Eugene Mays a one-fourth mineral interest in the land. Mays assigned this mineral interest to W. P. Allen, who in turn, assigned the same to Premier Royalties Company. On May 13, 1931, Mrs. Guy for a valuable consideration conveyed to McMahon Royalty Company a one-fourth mineral interest in the land, which conveyance was executed by Mrs. Guy individually and as attorney in fact for Beulah Jones.

This suit sought to cancel the mineral interest conveyed in the power of attorney, alleging that the mineral interest was inserted in the instrument without her knowledge and by reason of fraud and misrepresentation on the part of Mrs. Guy, but the execu-

tion of the power of attorney was admitted. She further alleged that the two royalty companies were purchasers with constructive notice of the fraud alleged, and sought cancellation of their deeds. Mrs. Guy's answer contained a general and special denial of the fraud alleged. The royalty companies alleged they were innocent purchasers for value, and by way of cross-action sued in trespass to try title to recover their respective interests.

At the close of the evidence the court instructed a verdict for the royalty companies for their one-fourth mineral interest each in the land and submitted the case as made between Beulah Jones and Mrs. Guy to the jury, and upon the jury's verdict entered judgment denying Beulah Jones any recovery by virtue of the fraud alleged, but gave her judgment against Mrs. Guy for the sum of $446.23, found by the jury to be due her by Mrs. Guy from the proceeds of the sale of the lease. From this judgment, the plaintiff, Beulah Jones, has duly prosecuted this appeal.

The above is thought to be a sufficient statement of the case to make clear the points to be decided on this appeal. We have concluded there was no error by the trial court in instructing a verdict in favor of the appellees McMahon Royalty Company and Premier Royalties Company for their respective interest in the minerals in the land. The power of attorney given by appellant, Beulah Jones, to appellee Mrs. Guy comes within the well-established rule of power coupled with an interest, Baker v. Heney (Tex. Civ. App.) 166 S. W. 19, 21, and under the authorities of this state was not subject to be revoked at the will of appellant, Beulah Jones, Bryan v. Ross (Tex. Civ. App.) 214 S. W. 524, 525; Bowles v. Bryan (Tex. Com. App.) 247 S. W. 276.

We are of the opinion that the instrument executed by appellant and placed of record attempting to revoke the power of attorney was ineffective to convey either actual or constructive notice to appellees McMahon Royalty Company and Premier Royalties Company of any fraud practiced by appellee Mrs. Guy upon appellant, Beulah Jones, in the execution of the power of attorney. The appellant having no legal right to revoke the power of attorney, there would be no legal duty upon appellees McMahon Royalty Company and Premier Royalties Company to take notice of the attempted revocation which was placed of record. But, if these appellees actually read the instrument placed of record which sought to revoke the power

of attorney, they would only be held to have notice of such facts as the language therein used could be reasonably construed to import. Cooke et al. v. Paul Bremond, 27 Tex. 457, 86 Am. Dec. 626. The power contained in the power of attorney was only to lease the land. The attempted revocation of it makes no mention of the mineral conveyance contained therein, nor of any fraud in securing the execution of the power of attorney, and, since the appellant Beulah Jones' purpose in undertaking to revoke the power of attorney might be attributed to many reasons other than fraud in its execution, the language used in the attempted revocation was not sufficient to charge appellees with notice or place appellees upon inquiry as to whether there was fraud in securing the mineral conveyance from appellant, Beulah Jones.

■ Acquiring the mineral rights as innocent purchasers, as the appellees mentioned did, the mineral rights as an estate in land would no longer be in controversy, and would be eliminated entirely and finally from the suit. The mineral rights so conveyed to innocent purchasers would be lost to appellant, and she could never recover the title thereto. The case and the litigation would be ended but for the alternative allegations of the petition seeking to recover damages from Mrs. Guy for the conveyance of the mineral rights passing to her under the instrument of January 13, 1931. This claim for damages would constitute a distinct suit from an action in trespass to try title or for rescission and cancellation of a conveyance. In this connection it is assumed that such alleged ground of action may properly be heard and determined as a part only of a supplemental petition, with the amended original petition not including it.

The jury made the finding, as applicable to the controversy for damages between appellant and Mrs. Guy, that Beulah Jones agreed to convey to Mrs. Guy the one-half of the mineral rights passed under the instrument of January 13, 1931. The correct solution of the question depended upon whether or not the circumstances in evidence imposed liability · for misrepresentations made connected with the transaction. Evidently Mrs. Guy would not be liable if Beulah Jones signed the instrument without misrepresentations or misinformation on the part of Mrs. Guy made to induce the signing of the same. It is unnecessary to go further into this phase of the case in view of complaint of the argument.

■■ Appellant complains of certain argument made by an attorney for appellees. This argument, as disclosed by the bill of exceptions No. 2, is as follows:

"After the evidence was closed and the court had submitted special issues to the jury and while one of counsel for the defendant, Mrs. A. B. Guy, was making his argument to the jury he stated as follows:

"'I am not here to discuss the facts of this case. We did not put the defendant, Mrs. Guy, on the witness stand.'

"Counsel then turning to the defendant, Mrs. A. B. Guy, said:

"'Mrs. Guy, I had something to do with not putting you on the stand. You are eighty (80) years of age and have lived a long and honorable life in this community and are not thinking about your last days. I would no more put you on the witness stand to be cross examined under the circumstances of this case than I would my own mother to be humiliated by a bunch of lying negroes. Mrs. Guy, your long and honorable life in this community means nothing to these others.'

"Counsel then turning to a witness who testified for the defendant, said:

"'I hate to say it, but if the things you are charged with in this case be true, you ought to be serving a term in the penitentiary. Your long and honorable life and the reputation you have built in this community means nothing to these others, and this young lady's (referring to another defendant witness) character and reputation means nothing to these others.'"

This argument was not objected to at the time it was made, but we deem it of that inflammatory and prejudicial nature that any effort to have the remarks withdrawn would accentuate their import and therefore would come within the rule that no objection was necessary. 3 Tex. Jur. § 147, p. 222. It is not within the rule of being harmless as invited by previous argument of opposing counsel.

The Court of Civil Appeals, in the case of McClure v. Fall, 42 S.W.(2d) 821, in passing upon certain argument made by one of the attorneys which is set out in the opinion, and which is in our opinion not nearly so inflammatory as the argument here complained of, held that the argument did not come within the rule above announced which authorizes a reversal of the judgment without an objection to the argument, but the Commission of Appeals condemned the argument and held

it was of such a nature as would call for a reversal of the case. McClure v. Fall, 67 S.W.(2d) 231.

Since the judgment of the trial court will be reversed on account of the argument of counsel, we will not discuss the other assignments of error.

The judgment of the trial court will be affirmed as to appellees McMahon Royalty Company and Premier Royalties Company, and reversed and remanded in all other respects.