### CANO et al. v. CUELLAR et al.
### No. 3355.

Court of Civil Appeals of Texas. El Paso.
April 23, 1936.

Rehearing Denied June 11, 1936.

Lloyd & Lloyd, of Alice, and H. S. Bonham, of Corpus Christi, for appellants.

Perkins & Floyd, of Alice, and Boone, Henderson, Boone & Davis, of Corpus Christi, for appellees.

PELPHREY, Chief Justice.

This suit involves the title to the northwest quarter of survey 576, in Duval county, Tex., which was patented to Jose Angel Cano in 1910 and for many years was occupied by him as his homestead.

On December 9, 1922, Cano, joined by his wife, Rita H. de Cano, executed and delivered a general warranty deed to the Sun Company, conveying all of the minerals under the land, reserving, in the form of a covenant, one-eighth of such minerals as might be thereafter produced and saved therefrom.

On August 17, 1931, Cano and wife conveyed the land and premises to Cuellar Motor Company; the deed containing the following clause: "There is excepted, however, from this conveyance the minerals heretofore conveyed and assigned by us to Sun Company by instrument bearing date December 9th, 1922, and recorded in Volume 21, Page 601-602, Duval County Deed Records. But Grantees herein, their heirs and assigns are to receive the royalty provided for in said deed."

This suit was filed August 4, 1933, by Cano and wife against C. Cuellar and A. B. Cuellar, alleged to be doing business under the name of Cuellar Motor Company, in trespass to try title and to remove cloud from the title of the land in question.

Appellees answered this petition by a plea of misjoinder of parties, a general demurrer, a general denial, and a plea of not guilty.

In appellant's first amended petition, the name of Rita H. de Cano, she having deceased, was omitted as a party plaintiff, and Jose Angel Cano was joined by Lina Cano, Santiago Cano, Guadalupe Cano, Manuel Cano, Herminia Cano Carillo, suing by her father and next friend, Jose Carillo, and Jose Carillo.

On September 18, 1934, a plea of intervention was filed by Lucio, Manuel, Luis, Lucio, Jr., Roman, Antonio and Filberto Chapa, Clemencia Chapa Fuentes, and husband, Francisco Fuentes, and Agapita Chapa y Chapa, and husband, Marcello Chapa asserting fee-simple title to a twelfth undivided interest in the land and all minerals in or under same. They prayed for judgment for a one-twelfth interest, that their title be quieted, and that all cloud be removed therefrom.

On October 2, following, a plea of intervention was filed by W. R. Perkins and Jacob S. Floyd, asserting an undivided one one hundred twenty-eighth interest in all the oil and gas produced from the land.

Appellants, together with interveners, sought to set aside the deed executed to Cuellar Motor Company by Cano and wife on various grounds.

The jury found that it was not originally intended between Cano and appellees that Cano should transfer to them the right to receive the royalty payments provided for in the deed from Cano and wife to the Sun Company; that at the time the deed was prepared, and also at the time of its execution, it was not the purpose of Cano and wife to convey such royalty payments; that Mrs. Cano was not examined privily and apart from her husband; that the deed was not explained to her; that neither Cano nor his wife agreed to the insertion of the clause providing that appellees should receive the royalty; that Cano and wife, when they removed from the land, intended to return for the purpose of occupying it as their home; that such intention existed continuously from the time they removed therefrom until the deed to appellees was executed; that Cano did not represent to appellees that he did not live on the property and that he did not intend to further live thereon as his home; that the appel-

lees did not rely upon the statements made by appellants in the suit against the Sun Oil Company and appellees; that Floyd, as attorney for appellees, did not rely upon the statement in the revocation of the power of attorney to the effect that Cano and wife had sold the property and minerals to appellees; that Floyd, at the time he accepted the assignment from appellees, did not rely upon either the statement in the revocation or statement made to him by Cano that he and his wife had sold the land and minerals to appellees; that Floyd, as attorney for appellees, paid Taylor $100 in consideration of Taylor's agreement to settle all issues in cause No. 3497; that neither Cano nor his wife, when he accepted the consideration for the appellees, knew of the provision in the deed granting to appellees the royalties.

Judgment was rendered that appellants take nothing, and this appeal followed.

### Opinion.

Appellees present four propositions attacking the jurisdiction of this court to entertain the appeal. The identical grounds were presented to the San Antonio Court of Civil Appeals in a motion to dismiss the appeal. That motion was overruled, thereby deciding the questions adversely to appellees. In view of such holding, we shall not discuss the questions further.

On June 10, 1932, Cano and wife appointed Jas. M. Taylor their attorney to institute suit against appellees to recover damages suffered by them because of the deed from Cano and wife to appellees purporting to convey the mineral rights in the land in question, and authorizing him to institute such legal action as he might deem proper, for the purpose of canceling the aforesaid deed.

The appointment contained the following provision: "In consideration of the premises and of the services rendered and to be rendered, which court costs incident thereto shall be borne by the said James M. Taylor, the undersigned does and do hereby convey unto the said James M. Taylor a full one-half interest in and to the oil, gas and other minerals in and to said lands and premises, and our said attorney has and shall have full right to compromise and settle any and all claims whatsoever pertaining thereto and execute any release or other acquittance or acquittances as may be necessary in settling said claim or claims and to agree to any judgment in reference there-

to in furtherance of settlement,· as he may deem to the best interest of the undersigned."

In the early part of June, 1932, Taylor and J. F. Clarkson, on behalf of Cano and wife, filed a suit in the district court of Duval county against appellees and praying that they be required to execute a deed to Cano and wife for an undivided one-eighth of the minerals under the land sold to appellees, or that title to said minerals be adjudged to them. The ground for the relief was that the deed as it existed was procured by appellees by fraudulent representations. Appellees answered by a general demurrer, a general denial, and by crossaction sought to have cloud removed from their title.

On June 17, and again on June 20, 1932, Cano and wife executed what purported to be a revocation of the power of attorney containing the following recital: "We hereby Revoke and Recall said authority for the reason that we do not now have and did not at said time have any interest in said land, we having theretofore sold said land and minerals to said Cuellars; and said power of attorney having been executed by us on account of misrepresentations."

On October 5, 1932, Taylor transferred the interest conveyed to him in the power of attorney to appellee, and on the following day the suit was dismissed both as to plaintiff's cause of action and also as to the crossaction.

Mrs. Cano died in August, 1932, and before the dismissal judgment was entered. Appellees in their answer set up the dismissal judgment, alleging that they had for a valuable consideration compromised and settled the issue involved in the suit filed by Cano and wife, and that he and her heirs were estopped to further claim any interest in the minerals involved. Appellants in reply to such pleading alleged that Taylor's power of attorney had been revoked. and that they were not bound· by any of his acts.

Appellant's propositions 1, 2, 3, 4, 5, 6, 14, 15, and 16 all relate to questions arising from the giving and attempted revocation of the power of attorney and Taylor's act in dismissing the suit filed by him for Cano and wife.

They contend that the order dismissing the suit shows upon its face that it was a voluntary discontinuance of the suit and cross-action,· and hence does not bar the present action; that, since the deed from Cano and wife to appellees purported to convey the land, including the right to the minerals, the power of attorney conveying to the attorney a one-half interest in the minerals was an executory contract and was revocable; that, the power of attorney having been revoked, the purported settlement made by Taylor was not binding upon appellants, and the Cuellars acquired no interest by virtue of the conveyance by Taylor; that the jury's finding that appellees paid Taylor $100 in settlement of all the issues in the case was without evidence to sustain it; that the court erred in submitting such an issue; that the fact that they alleged that Cano and wife had been fraudulently induced to execute the revocations of the power of attorney did not preclude them from urging that the power had been revoked; that they are not bound by the recital· in the revocations to the effect that they had previously sold the land and minerals to appellees; and that, the interest conveyed to Taylor in the power. of attorney being contingent upon the setting aside of the deed from Cano and wife to appellees, the. dismissal of the suit filed by him for that purpose· amounted to a relinquishment of his claim under the power of attorney and a consent on his part to its revocation.

Appellees, on the other hand, contend that the dismissal was for a valuable consideration and under an agreement to settle all issues, and was therefore an adjudication of the matters involved in the suit and res judicata of the issues here; that the power of attorney to Taylor was coupled with an interest and was not revocable; that appellants, by their allegation that the revocations were executed by them because of fraud, elected to disaffirm them, and are by such allegations estopped from now asserting lack of authority in Taylor; and that the power of attorney, being a special contract, was not affected by the death of Mrs. Cano.

The question as to whether the order of dismissal is binding upon appellants will depend primarily upon whether or not Taylor was their agent at the time the agreement was entered into between him and appellee's attorney.

A decision of that question in turn depends upon whether or not the power of attorney was revocable by Cano and his wife and whether the death of Mrs. Cano put an end to the power of Taylor to act.

█ It is a well-established rule that powers coupled with an interest are not subject to be revoked at the will of the principal. 2 C.J. § 154, p. 531; Wells v. Little-

field, 59 Tex. 556; Hennessee v. Johnson, 13 Tex.Civ.App. 530, 36 S.W. 774; Garner v. Boyle, 97 Tex. 460, 79 S.W. 1066; Merrill v. Bradley, 52 Tex.Civ.App. 527, 121 S.W. 561; Bowles v. Bryan (Tex.Com. App.) 247 S.W. 276; Broadway v. Stone (Tex.Com.App.) 15 S.W.(2d) 230; Jones v. Guy (Tex.Civ.App.) 71 S.W.(2d) 913 (writ dismissed).

It is equally true that the death of the principal does not terminate the authority of the agent when he has a power coupled with an interest. 2 C.J. § 182, p. 549; Cleveland v. Williams, 29 Tex. 204, 94 Am. Dec. 274; Carleton v. Hausler, 20 Tex.Civ. App. 275, 49 S.W. 118.

We have concluded that the power of attorney here comes within the definition laid down in Baker v. Heney (Tex. Civ.App.) 166 S.W. 19, and Bowles v. Bryan, supra, and was not subject to being revoked by Cano and wife and was not affected by the death of Mrs. Cano.

A similar instrument was held to be a power coupled with an interest by the Texarkana Court of Civil Appeals in Jones v. Guy, supra.

Having concluded that Taylor at the time he agreed to a dismissal of the suit was acting under the power theretofore given him, the finding of the jury to the effect that appellees had paid Taylor the sum of $100 in settlement of the issues involved in that case settles the question as to the right of appellants to again present such issues.

There are several other propositions presented in appellant's brief, but, in view of our views as above expressed, it will be unnecessary to discuss them.

In accordance with the views aforesaid, the judgment of the trial court is affirmed.