### ODSTRCIL et al. v. McGLAUN et ux.
#### No. 2796.

Eleventh Court of Civil Appeals of Texas.
Eastland.

April 28, 1950.

G. C. Whitworth, Snyder, H. J. Brice, Snyder, for appellants.

Sentell, Beene & Rosser, Snyder, for appellees.

GRISSOM, Chief Justice.

In 1944, W. A. McGlaun and wife executed a deed to Hugh Birdwell to 140 acres of land in Scurry County. The McGlauns excepted from said conveyance an undivided one-half of all the oil, gas and other minerals in or that might be produced from said land. Said deed contained a power of attorney authorizing Birdwell, his heirs and assigns, to execute oil and gas leases on said 140 acres, or any part thereof, when not leased. The power provided that "such lease and/or leases so made shall provide for not less that (than) one eighth royalty on oil and provided further that grantors' part of any and all payments, bonus, delay rentals and/or royalties arising by virtue of any such lease and/or leases may be paid to grantors, their heirs and assigns or may be deposited to their credit in Snyder National Bank, Snyder, Texas, which bank and its successors shall remain as such depository unless notice of such change shall be given in writing to grantee herein, his heirs and assigns and any lease and/or leases so made shall be binding upon grantor our heirs and assigns so that it shall never be necessary for grantors herein our heirs and assigns to join in any such lease and/or leases so made."

On December 4, 1946, Hugh Birdwell, joined by his wife, as "lessor," executed an oil and gas lease on said tract to Paul F. Lawlis. The lease provided for delay rentals to be paid to "lessor or to the credit of lessor" in said Snyder bank. The "lessor" was the Birdwells. By mesne conveyance John Odstrcil and O. E. Schkade became the owners of said lease. The delay rentals were paid by timely depositing same to the credit of the "lessor," Birdwell, in said Snyder bank. No part of the delay rentals were paid to McGlaun and wife or deposited to their credit in said bank, as required by the McGlaun-Birdwell power.

The McGlauns sued and obtained judgment against Odstrcil, Schkade, Birdwell and wife, and others, for title and possession on one-half the minerals in the 140 acres, partitioning the minerals and declaring the McGlauns' half of the minerals to be free of the lease executed by Birdwell. The court further decreed that the McGlauns' half of the minerals was free of the "power of Hugh Birdwell to lease said mineral estate." The court found that when the McGlauns' half of the bonus was deposited to their credit, McGlaun was in the hospital and did not know of the provision in Birdwell's lease to Lawlis that all delay rentals were to be paid to Birdwell. The court found against appellants' plea of estoppel and decreed that McGlauns' tender of $350.00, being half of the bonus collected and deposited by Birdwell to the credit of the McGlauns, be paid to the lessee, Lawlis. Odstrcil, Schkade and Birdwell have appealed.

The power of attorney from the McGlauns to Birdwell, contained in the deed wherein the McGlauns conveyed the surface and one-half of the minerals to Birdwell, constituted a power coupled with an interest which could not be revoked at the will of the McGlauns. 2 C.J.S. Agency, p. 1159, § 75. Also see Superior Oil Company v. Stanolind Oil & Gas Co, Tex.Civ. App., 230 S.W.2d 346, and Cano v. Cuellar, Tex.Civ.App., 95 S.W.2d 155, 157 (Writ Ref.).

Neither pleading nor proof authorized cancellation of the power of attorney or partition of the minerals between McGlaun and Birdwell. Although it is often said that the right to partition is absolute it was never intended to interfere with contracts that expressly or impliedly denied or limited that right. 40 Am.Jur. 5; 132 A.L.R. 667 et seq. To now compel a partition of the minerals owned jointly by the McGlauns and Birdwell would be to abrogate the contract between them and deprive Birdwell of his right under that contract

to lease both his own and McGlaun's interest in the minerals. By said contract McGlaun impliedly agreed not to partition and he is now estopped to assert such a right. Davis v. Davis, Tex.Civ.App., 44 S.W.2d 447, 450; Elrod v. Foster, Tex. Civ.App., 37 S.W.2d 339, 343 (Writ Ref.); Warner v. Winn, Tex.Civ.App., 191 S.W. 2d 747, 751 (Ref.N.R.E.); Barkley v. Stone, Tex.Civ.App., 195 S.W. 925, 926 (Writ Ref.); 47 C.J. 321, 322.

 The power of attorney provided that Birdwell was granted full power and authority to execute mineral leases, without joinder of the McGlauns or their heirs or assigns, upon such terms and conditions and for such length of time as Birdwell might deem proper. However, it is clear that Birdwell's power to lease was limited by the provision that a lease executed by Birdwell must provide for not less than one-eighth royalty and that the McGlauns' half of the delay rentals should be paid either directly to the McGlauns or deposited to their credit in said Snyder bank. The lease executed by Birdwell, and now owned by Odstrcil and Schkade, provided that all the rentals should be paid to the "lessor." The "lessor" was Birdwell and wife. The lessee and his assigns had notice of the terms of said power and said limitations thereon. Said deed and power was of record and was in the chain of title to their lease. Their payment of the McGlaun's part of the delay rentals to Birdwell was not authorized by the terms of said power. Birdwell's lease was in violation of the limitation on his right to lease, was unauthorized and not binding on the McGlauns.

Those parts of the judgment decreeing (1) that the lease is not effective as to the McGlauns' half interest in the minerals and (2) that the McGlauns shall pay to Lawlis $350.00, being the amount deposited to the McGlauns' credit as one-half of the bonus paid for the lease, are affirmed. There was no appeal from that part of the judgment decreeing that the lease is valid as to the Birdwell interest in the minerals and, of course, in that respect the judgment is not disturbed. The case being fully developed, in all other respects the judgment is reversed and judgment rendered for appellants.

Affirmed in part and reversed and rendered in part.