DE BUSK et al.

v.

COSDEN PETROLEUM CORP.

No. 3042.

Court of Civil Appeals of Texas.
Eastland.

Nov. 6, 1953.

Rehearing Denied Dec. 11, 1953.

Henry L. DeBusk, Lubbock, for appellants.

Coffee & Gilliland, Big Spring, for appellee.

GRISSOM, Chief Justice.

Mrs. DeBusk sued Cosden Petroleum Corporation to cancel an oil and gas lease executed by Guy Guffee and assigned to Cosden. Plaintiffs claimed the lease was invalid because the heirs and devisees of E. Guffee, including Mrs. DeBusk, from whom the title descended, had conveyed an undivided 1/12th interest to Guy Guffee, in trust for Guy Keel Guffee, Jr., a minor, and that trust deed provided said trustee could not lease the minor's interest without the written consent of the grantors, or their assigns, and that Mrs. DeBusk had not given such consent. Mrs. DeBusk alleged her interest in the minerals was an undivided 18.25/651. She also prayed, in a supplemental petition, that the oil produced from the 80 acres in controversy be impounded, a receiver appointed and Cosden required to account for the oil produced. In a trial to the court, judgment

768

was rendered for Cosden and Mrs. DeBusk has appealed.

The court expressly refused to cancel the lease or remove the cloud on plaintiffs' title. The effect of the judgment, we think, was also to refuse Mrs. DeBusk's prayer to impound the oil, appoint a receiver and require an accounting. If not, the judgment was not final and the appeal should be dismissed. She contends the court erred in rendering such a judgment because the lease was void for the reason heretofore stated.

In December, 1938, after execution of the deed to Guy Guffee for the benefit of said minor, Mrs. DeBusk, joined by her husband, executed a deed to her interest in two sections, including the 80 acres in controversy, to Guy Guffee, reserving only a 1/6th interest in the minerals. That deed contained the following provision:

"It is understood and agreed, however, that the grantee herein, his heirs, and assigns, shall have and is hereby granted the exclusive right to execute oil, gas and mineral leases on such land or any part thereof to such lessees and on such terms as to such lessor may seem proper. And it shall never be necessary for grantor herein to join in the execution of any such lease or leases, but the action of the said grantee herein, his heirs, or assigns, in executing any such lease shall effectively bind grantor herein, her heirs, and assigns, to the same extent as if she and her said husband, joined in the execution thereof."

In August, 1950, Mrs. DeBusk sold to another person an interest in the minerals in one section, of which the 80 acres in controversy is a part. This deed recited that the section was leased for oil and gas development and that the sale was subject to said lease, and any other valid lease, but that her sale included "18/651 of all of the oil royalty due and to be paid under the terms of said lease * * *." The lease referred to was executed by Guy Guffee. The owner of the lease made by Guy Guffee drilled two producing oil wells. Mrs. DeBusk executed a division order covering her 1/12th of the 1/8th royalty and was paid and accepted her share of the royalty produced under said lease.

In December, 1942, Guy Guffee, as trustee, executed an oil lease conveying the minor's interest. Prior thereto, Guy Guffee had acquired all the right, title and interest of all the heirs or devisees of E. Guffee, except Mrs. DeBusk's 1/6th interest in the minerals reserved in her deed to Guy Guffee in December, 1938. But, in this deed she expressly granted to Guy Guffee the exclusive right to execute leases on any of the land and stated it would never be necessary for her to join in the execution of a lease. We think that Guy Guffee acquired, by Mrs. DeBusk's deed quoted from above, all of the right Mrs. DeBusk had relative to leasing said land. The judgment decreed that Mrs. DeBusk was the owner of an undivided 18.25/651 interest in the minerals under the South 1/2 of the Southeast 1/4th of Section 58. This was all she claimed. Guy Guffee was the assignee of Mrs. DeBusk and the other heirs and devisees, within the meaning of the provision in the trust deed that Guy Guffee, trustee, should not lease the minor's interest without the written consent of the grantors, or their assigns, and he had the power to execute the lease under which Cosden claims without then again getting the written consent of Mrs. DeBusk. The right given Guy Guffee to lease Mrs. DeBusk's interest, by her deed of December, 1938, was not illegal, as she contends. See Superior Oil Co. v. Stanolind Oil & Gas Co., Tex.Civ.App., 230 S.W.2d 346, 352, 150 Tex. 317, 240 S.W.2d 281, 286; Odstreil v. McGlaun, Tex.Civ.App., 230 S.W. 2d 353, 355. In addition thereto, she recognized the validity of the lease in her August, 1950, deed to a part of her minerals and by execution of the division order and receipt of her share of the royalty paid under said lease. The court did not err in refusing to impound the oil, appoint a receiver or require an accounting. There was no evidence that plaintiff had not received her share of the oil produced under a valid lease. The interest she claimed was expressly recognized. Appellants' points are overruled. The judgment is affirmed.