NO. 07-02-0362-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MARCH 28, 2005


______________________________



JAMES E. WILLIAMS, III



 Appellant


v.



MOODY LAND & CATTLE, L.P., a Texas Limited Partnership



 Appellee

_________________________________



FROM THE 223rd DISTRICT COURT OF GRAY COUNTY;



NO. 31,614; HON. LEE WATERS, PRESIDING


_______________________________



Memorandum Opinion


________________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 James E. Williams, III (Williams) appeals from an order partitioning six sections of
land in Gray County. Williams owned a one-sixth interest in the land while Moody Land &
Cattle, L.P. (Moody) owned the remaining five-sixths. The sole issue before us involves
the trial court's refusal to admit evidence regarding an oral agreement between Williams
and Maloof Abraham, Moody's predecessor in interest. (1) Through the agreement, Abraham
and Williams purportedly agreed that the property would not be partitioned as long as
Williams was alive. We affirm the judgment of the trial court.

 According to the record, Moody objected to the evidence on various grounds, one
of which being Williams' failure to affirmatively assert the agreement as a defense in his
answer to Moody's petition. Although owners of land generally have the right to partition
their realty, they can waive that right through expressed or implied agreement. Lichtenstein
v. Lichtenstein Building Corp., 442 S.W.2d 765, 769 (Tex. Civ. App.-Corpus Christi 1969,
no writ), citing Warner v. Winn, 191 S.W.2d 747 (Tex. Civ. App.-San Antonio 1945, writ
ref'd n.r.e.). And, if they so agreed, then the party who sought a partition will be estopped
from asserting such a right. Odstrcil v. McGlaun, 230 S.W.2d 353, 354-55 (Tex. Civ. App.
-Eastland 1950, no writ). Consequently, the relinquishment of that right has been
characterized as an estoppel or waiver. See Davis v. Davis, 44 S.W.2d 447, 450 (Tex. Civ.
App.-Texarkana 1931, no writ ) (holding that the "'agreement [not to partition] act[s] as an
estoppel against the right to partition or as a waiver of such right'"). 

 Next, the defenses of estoppel and waiver are affirmative in nature and must be
pled. Tex. R. Civ. P. 94. Should the claimant fail to do so, then it is waived. Johnston v.
McKinney American, Inc., 9 S.W.3d 271, 281 (Tex. App.-Houston [14th Dist.] 1999, pet.
denied) (where an affirmative defense is not pleaded or tried by consent, it is waived.). 
Given this, it was encumbent upon Williams to affirmatively plead that Moody was estopped
from partitioning the land or waived its right to do so. However, he did not. Having failed
to so plead the affirmative defense, the claims were waived. Williams reliance on Edwards
v. Edwards, 52 S.W.2d 657 (Tex. Civ. App.-Austin 1932, writ ref'd) does not give us reason
to hold otherwise. This is so because Edwards is inapposite. 

 Unlike the situation at bar, the court in Edwards had to determine whether the
parties had partitioned the land, not whether they waived their right to partition. 
Furthermore, Edwards is a trespass to try title case, and the Edwards court held that a
general denial puts in issue any title that the appellees might show to defeat that of their
opponent. Id. at 661. In other words, the court held that the appellees need not have
affirmatively alleged that they obtained an interest in the land through partition to defeat the
claim of the appellants. At bar, Moody was not questioning whether Williams had an
interest in the land or whether that interest was obtained through partition. It simply
objected to Williams' effort to show that Moody had no right to partition since that matter
was not pled. That, in short, was an issue outside the scope of Edwards.

 Nor is the allegation that Moody waived its right to object to evidence of other
aspects of the agreement between Abraham and Moody of any moment. The evidence to
which Williams alludes involved other agreements between Abraham and Williams. For
instance, the two purportedly agreed to share expenses "five-sixths and one-sixth" and to
allow Williams to hunt on the entire tract in exchange for Williams leasing his interest in the
land to Abraham at a "cheap rent." Neither of these agreements related to that wherein the
owner of the five-sixths interest supposedly waived his right to partition the property. Nor
does Williams contend that the agreement to waive partition somehow amounted to
consideration given in exchange for any other agreement. Thus, we cannot see how the
admission of evidence about aspects of the agreement unrelated to partition somehow
resulted in Moody's inability to object to evidence regarding the loss of the right to partition. 
In short the evidence related to different subjects.

 Accordingly, the trial court did not abuse its discretion in excluding the evidence, and
we affirm the judgment.


 Per Curiam


Johnson, C.J., not participating.


 
1. Mr. Abraham died before the case was tried.