NO. 07-02-0362-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 28, 2005

______________________________

JAMES E. WILLIAMS, III

Appellant

v.

MOODY LAND & CATTLE, L.P., a Texas Limited Partnership

Appellee

_________________________________

FROM THE 223
rd
 DISTRICT COURT OF GRAY COUNTY;

NO. 31,614; HON. LEE WATERS, PRESIDING

_______________________________

Memorandum Opinion

________________________________

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

James E. Williams, III (Williams) appeals from an order partitioning six sections of land in Gray County.  Williams owned a one-sixth interest in the land while Moody Land & Cattle, L.P. (Moody) owned the remaining five-sixths.  The sole issue before us involves the trial court’s refusal to admit evidence regarding an oral agreement between Williams and Maloof Abraham, Moody’s predecessor in interest.
(footnote: 1)  Through the agreement, Abraham and Williams purportedly agreed that the property would not be partitioned as long as Williams was alive.  We affirm the judgment of the trial court.

According to the record, Moody objected to the evidence on various grounds, one of which being Williams’ failure to affirmatively assert the agreement as a defense in his answer to Moody’s petition.  Although owners of land generally have the right to partition their realty, they can waive that right through expressed or implied agreement.  
Lichtenstein v. Lichtenstein Building Corp
., 442 S.W.2d 765, 769 (Tex. Civ. App.–Corpus Christi 1969, no writ),
 citing Warner v. Winn,
 191 S.W.2d 747 (Tex. Civ. App.–San Antonio 1945, writ ref'd n.r.e.).  And, if they so agreed, then the party who sought a partition will be estopped from asserting such a right.  
Odstrcil v. McGlaun
, 230 S.W.2d 353, 354-55 (Tex. Civ. App. –Eastland 1950, no writ).  Consequently, the relinquishment of that right has been characterized as an estoppel or waiver.  
See
 
Davis v. Davis,
 44 S.W.2d 447, 450 (Tex. Civ. App.–Texarkana 1931, no writ ) (holding that the “‘agreement [not to partition] act[s] as an estoppel against the right to partition or as a waiver of such right’").  

Next, the defenses of estoppel and waiver are affirmative in nature and must be pled.  
Tex. R. Civ. P
. 
94.  Should the claimant fail to do so, then it is waived.  
Johnston v. McKinney American, Inc., 
9 S.W.3d 271, 281 (Tex. App.–Houston [14
th
 Dist.] 1999, pet. denied) (where an affirmative defense is not pleaded or tried by consent, it is waived.).  Given this, it was encumbent upon Williams to affirmatively plead that Moody was estopped from partitioning the land or waived its right to do so.  However, he did not.  Having failed to so plead the affirmative defense, the claims were waived.  Williams reliance on 
Edwards v. Edwards
, 52 S.W.2d 657 (Tex. Civ. App.–Austin 1932, writ ref’d) does not give us reason to hold otherwise.  This is so because 
Edwards
 is inapposite.  

Unlike the situation at bar, the court in 
Edwards
 had to determine whether the parties had partitioned the land, not whether they waived their right to partition.  Furthermore, 
Edwards
 is a trespass to try title case, and the 
Edwards
 court held that a general denial puts in issue any title that the appellees might show to defeat that of their opponent.  
Id.
 at 661.  In other words, the court held that the appellees need not have affirmatively alleged that they obtained an interest in the land through partition to defeat the claim of the appellants.  At bar, Moody was not questioning whether Williams had an interest in the land or whether that interest was obtained through partition.  It simply objected to Williams’ effort to show that Moody had no right to partition since that matter was not pled.  That, in short, was an issue outside the scope of 
Edwards.

Nor is the allegation that Moody waived its right to object to evidence of other aspects of the agreement between Abraham and Moody of any moment.  The evidence to which Williams alludes involved other agreements between Abraham and Williams.  For instance, the two purportedly agreed to share expenses “five-sixths and one-sixth” and to allow Williams to hunt on the entire tract in exchange for Williams leasing his interest in the land to Abraham at a “cheap rent.”  Neither of these agreements related to that wherein the owner of the five-sixths interest supposedly waived his right to partition the property.  Nor does Williams contend that the agreement to waive partition somehow amounted to consideration given in exchange for any other agreement.  Thus, we cannot see how the admission of evidence about aspects of the agreement unrelated to partition somehow resulted in Moody’s inability to object to evidence regarding the loss of the right to partition.  In short the evidence related to different subjects.

Accordingly, the trial court did not abuse its discretion in excluding the evidence, and we affirm the judgment.

   Per Curiam

Johnson, C.J., not participating.

FOOTNOTES
1:
Mr. Abraham died before the case was tried.