## HAY et al. v. CUNNINGHAM.
### No. 4321.

Court of Civil Appeals of Texas. Amarillo.
Nov. 26, 1934.

Rehearing Denied Jan. 21, 1935.

Herbert C. Martin, of Littlefield, for appellants.

Jas. A. Gowdy, of Olton, and Harry C. Hicks, of Hollis, Okl., for appellee.

MARTIN, Justice.

This appeal involves the question of whether or not a strip of land claimed by Lamb county as a public road had, in fact, been dedicated as such by the owner of an adjacent survey of land, of which such strip was a part.

On December 12, 1927, appellee Cunningham purchased an unfenced quarter section of land in Lamb county, Tex., described in his deed as follows: "The Southwest quarter of Survey or Section Number Eighty-three (83) in Block One (1) of the W. E. Halsell's subdivision, according to the survey and plat of said subdivision of record in the Deed Records of Lamb County, Texas, Vol. 1, page 550."

Cunningham then and thereafter was a resident of the state of Oklahoma. About two years after his purchase he employed a hired hand to fence his said land, and to leave room for a public road on the west side thereof. His employee did erect such fence on the west side of said tract parallel with a fence then standing on the adjoining tract, mistakenly assuming that such other fence stood on the correct line. Almost immediately Lamb county graded as a public road the strip between the two fences, and the public traveled same. Some three years later Cunningham learned that these fences were not on the true line. The plat of block No. 1, W. E. Halsell subdivision, shows it to be a block of 88 sections whose interior lines run straight east, west, north, south, and parallel. Upon learning the correct location of his west line, Cunningham moved his fence a few varas to make it correspond with other surveys of said block and to its true location, again leaving space for a public road. This second location was in part upon the strip claimed by Lamb county as a road. Its officers removed said fence, and Cunningham replaced it at its second and true location and brought suit against the proper officers of Lamb county to enjoin them from molesting his possession. The trial court upon a full hearing found for appellee Cunningham, and granted him the relief prayed for.

It is claimed here that it conclusively appears from the evidence that Cunningham had dedicated the strip of land in controversy as a public road, that same had been accepted by the public and Lamb county, and that Cunningham is now estopped. Trial was before the court, and, in view of his judgment for appellee, we need only decide whether or

not an issue existed as to the matters above set out.

■■ We have concluded that there is sufficient evidence to raise such issues, and that we are not therefore authorized to overturn the trial court's judgment.

It is admitted that Lamb county has never instituted condemnation proceedings against Cunningham nor paid him for said land, and that its only right thereto is by virtue of the facts already stated. We quote:

"A highway may be created by a dedication or donation by the owner of his lands for that purpose, when such dedication has been accepted or recognized as a highway by the proper public authorities, or when the same has been accepted and used as such by the public. Noyes v. Ward, 19 Conn. 250; State v. Wilson, 42 Me. 9; Holcraft v. King, 25 Ind. 352; State v. Atherton, 16 N. H. 203; Princeton v. Templeton, 71 Ill. 68.

"An intent to dedicate the land for the purpose of the highway by the owner must be shown by his acts and declarations; and such acts and declarations should clearly and unmistakably show that he intended to dedicate the land absolutely and irrevocably to the use of the public. * * *

"However, the owner may, without any intention of dedication, permit the public for any length of time to use a way, and this would not constitute a dedication, but a license which might be revoked at pleasure by the owner. For in such case one of the essential elements of a dedication is wanting, that is, the intent of the owner to make the gift." Ramthun v. Halfman, 58 Tex. 553.

"An intention to appropriate is indispensable to the existence of a dedication. Intention is the very essence and genius of this mode of creating or transferring an interest in land, and without it there is no tender of dedication which the public can accept. But it is not enough that the intention exist in the mind of the owner; it must be made manifest by his words or acts, and must be communicated to the public or some portion thereof, without discrimination; and the manifestation and communication must be so clear and convincing that reasonable persons are induced, perforce, to act in reliance on their import." 14 Tex. Jur. 692, § 8.

See, also, Oswald v. Grenet, 22 Tex. 94; Worthington v. Wade, 82 Tex. 26, 17 S. W. 520.

■ To establish a dedication the proof must be clear and satisfactory. 14 Tex. Jur. 687. Leaving a lane open for use and its use by the public, and subsequently conveying adjoining land by reference thereto, does not conclusively and as a matter of law establish such dedication. It still remains a question of fact. Ramthun v. Halfman, 58 Tex. 551. The burden was on Lamb county to establish the easement claimed by it from Cunningham. 15 Tex. Jur. 812.

It is conclusively shown, we think, that Cunningham intended to give to the public a road along his west line. It hardly comports with reason to say he really intended to give a road through his land cutting off a small triangular strip from the main body, which would be the holding if appellant prevailed. Moreover, such road would not be in line with other surveys in the same block, but would run a slightly northeasterly instead of a north course, as shown on the plat of said Halsell subdivision. At least an issue existed that both the county and Cunningham believed that the road as originally located was along the true west line of said quarter, and any acceptance was of a road as thus located. The county could have ascertained by the use of reasonable diligence when it graded said road that it was off a true line with other sections, and that it would run a zigzag course with reference to the remainder of the road as located on the true lines of the interior surveys of such block. It is not shown that Cunningham said anything to the public or to the authorities of Lamb county regarding said road or its location. He endeavored to correct the mistake as soon as he learned of it.

■ There is no estoppel. The county commissioner in grading the road acted upon the assumption and because he believed that the strip had been theretofore dedicated by Halsell in platting the land. This was a mistaken hypothesis. The public is not injured. They still have dedicated to them a straight, instead of a crooked, road. The road is only slightly traveled. The grade made by the county according to Cunningham is not now visible. A road following the present or second location is on a straight line with the boundaries of other surveys in this block. Nobody has been injured by any act or conduct of appellee, or at least the trial court was justified in so impliedly finding.

The judgment is affirmed.