**WHITSEL et al. v. HOOVER et al.**

No. 4932.

Court of Civil Appeals of Texas. Amarillo.

Oct. 3, 1938.

Rehearing Denied Nov. 7, 1938.

Will Crow, of Canadian, for appellants.

Sanders & Scott and Howard F. Saunders, all of Amarillo, and Hoover, Hoover & Cussen, of Canadian, for appellees.

JACKSON, Chief Justice.

The appellants, George L. Whitsel and eighteen others—non-residents of Texas—the collateral heirs of W. I. Whitsel, deceased, instituted this action in trespass to try title to recover an undivided forty-eight one hundredths interest in certain lands from the appellees, H. E. Hoover, J. W. Sanders, A. V. McQuiddy and G. L. Addison, and to cancel and annul a deed by which the appellants had theretofore conveyed to appellees the interest in the land which they sought to recover.

The appellants alleged that as to them the appellees were acting in a fiduciary capacity and occupied a position of trust at and prior to the time the land was conveyed; that in order to induce them to convey their interest, the appellees, through H. E. Hoover, falsely represented that their undivided interest was not worth $13,750 and that the revenues derived from the property were not sufficient to pay the taxes and the interest on the indebtedness secured by liens against the land and that all the appellees were guilty of fraud because they concealed from and failed to inform the appellants of the value of their interest in the land.

The appellees answered by general demurrer, special exceptions, general denial and pleaded that appellants and their agents and attorneys were completely informed regarding the interest of appellants and the value thereof at and prior to the time they made and delivered the deed to appellees.

They asked in the event appellants prevailed that they recover the consideration paid, $13,750, with interest and also the legitimate expenses they claimed to have incurred since the land was conveyed to them, which they assert was $12,568.95.

In response to a peremptory instruction, the jury returned a verdict in behalf of appellees and judgment was entered that appellants take nothing, from which action of the court this appeal is prosecuted.

The record shows that W. I. Whitsel was the owner of about 57,000 acres of land in Hansford, Hutchinson and Roberts Counties, Texas, at the date of his death in 1930. He left surviving him his wife, Mary Bell Whitsel, but neither left children or descendants. The appellants are entitled to a one-half undivided interest in the separate lands owned by the deceased at the time of his death, which they allege aggregated 35,000 acres. How this acreage is determined we are not advised but in our view this is not essential to a disposition of this appeal. They contend that the community estate of the deceased and his wife amounted to but 22,000 acres. The land at the death of Mr. Whitsel, June 20, 1930, was encumbered by an indebtedness of about $200,000 which at the date of the trial amounted to approximately $221,000, the payment of which was secured by liens on 56,883 acres of land, which was $3.90 per acre.

On July 5, 1930, Mary Bell Whitsel made application to the County Court of Hemphill County, through her attorney, H. E. Hoover, and was appointed temporary administratrix of the estate of her deceased husband, executed bond in the sum of $10,000, the amount required by the court, and acted in such capacity until she died, December 2, 1932. She left a will, which was admitted to probate in Hemphill County on June 11, 1933, and H. E. Hoover and Frank C. Riley, the brother of Mary Bell Whitsel, were appointed executors thereof, in compliance with the suggestion of the testatrix in her will.

On April 4, 1933, certain heirs of Mary Bell Whitsel instituted in the County Court of Hemphill County, by their attorneys, Sanders & Scott, proceedings to invalidate the last will and testament of Mrs. Whitsel, and on application therefor, the court appointed G. L. Addison and A. V. McQuiddy temporary administrators of the estate of Mary Bell Whitsel pending the will contest and they gave bond and qualified on the 14th of April, 1933 and

were acting in such capacity on the date the appellants conveyed their interest in the estate to appellees.

A trial of the suit to invalidate the will was thereafter had in county court, and on June 9, 1934, the will was by decree held void and the judgment theretofore entered admitting it to probate cancelled and annulled. No appeal was prosecuted and this judgment became final.

None of the appellants were parties to this suit and their interest was in no way affected thereby.

The appellants concede that unless the parties who purchased their interest were acting in a fiduciary capacity no fraud is alleged or shown.

H. E. Hoover was attorney for Mary Bell Whitsel while she was temporary administratrix of her husband's estate and was a legatee in and executor of the will which was probated but later held void and the decree admitting it to probate annulled. He was never the attorney for appellants, acted in no fiduciary capacity for them and occupied no official position for the estate after the contest of the will was instituted and G. L. Addison and A. V. McQuiddy qualified as temporary administrators on April 14, 1933, since he was superseded as executor by such temporary administrators. Article 3378, R.C.S.

The record, in our opinion, fails to disclose that H. E. Hoover at any time occupied any fiduciary relation to appellants, hence, the misrepresentations charged to him, if made, would not constitute actionable fraud. In any event, such relationship had been definitely terminated long before March 30, 1935, the date of the sales contract which was merged into the deed of conveyance on July 1, 1935.

The testimony shows without contradiction that the appellants in June of 1931, shortly after the death of W. I. Whitsel, employed Dick C. Van Zante, a practicing attorney in the state of Iowa, to represent them in acquiring their interest in the estate and that he, with their knowledge and consent, employed Kinney & Ritchey, a firm of practicing attorneys of Miami, Texas, to assist him and these attorneys knew that Mr. Hoover, immediately following the death of W. I. Whitsel, was attorney for his estate. On June 25, 1931, Mr. Van Zante wrote Mr. Hoover:

"As you are representing Mrs. Whitsel, whose interest is naturally adverse to the interest of my clients, it would mean that there could be no division between your office and my office as to fees paid by the collateral heirs."

On September 15th, thereafter, he wrote Mr. Hoover:

"We have made arrangements with the law firm of Kinney & Ritchie of Miami, Texas and I am writing them this day giving them such power and authority to proceed in this estate as they may deem best."

Mr. Van Zante testified that all propositions made by the appellants and counter propositions received by them pertaining to the sale and purchase of their interest in the land were submitted by and through Kinney & Ritchie and that he furnished all information received to his clients; that they understood fully that H. E. Hoover was attorney for Mary Bell Whitsel in administering the estate as temporary administratrix of her deceased husband; that the negotiations for the sale of appellants' interest to appellees were begun shortly after the death of W. I. Whitsel and carried on through Mr. Van Zante and Kinney & Ritchie until the final consummation thereof. He testified that he knew and advised his clients that H. E. Hoover was representing parties whose interest in the estate conflicted with the rights of appellants and for that reason the firm of Kinney & Ritchey was employed and he relied on information received from said firm and other sources in representing his clients and did not depend on Hoover or rely on any representations he made after Kinney & Ritchie were employed, September 16, 1931, but depended on his own judgment and the judgment of Kinney & Ritchie.

Mr. Ritchie testified that his firm was employed in September, 1931; that he investigated for his firm the amount of the delinquent taxes, the unpaid interest, the past due principal, the condition and value of the property, the books and records of the Whitsel estate, and secured all the information available; that he informed Mr. Van Zante of all these facts, circumstances and conditions; that he also advised Mr. Van Zante by letter that the indebtedness was composed of community debts and appellants could require the creditors to first exhaust the community prop-

erty before resorting to the separate estate in which appellants had an interest to collect the indebtedness; that he wrote the appellants that they might require a partition of the land subject to the liens; that there were some past due installments on the indebtedness and should they desire a partition it would probably be necessary for them to be able to take care of the pro rata part of the indebtedness against the land partitioned to them; that if they could not do this they might ride the loans and possibly prices would advance, but the only other alternative, in his judgment, was to place the land on the market at a price they could obtain for their undivided interest; that under all the circumstances and conditions, $10,000, in his opinion, would be a reasonable price for their interest; that in so advising the appellants he considered the general financial conditions, the difficulty of disposing of the undivided interest of his clients, the amount of indebtedness against it, and acted on his personal knowledge of the land, and did not rely on what Mr. Hoover wrote his firm relative to the value of appellants' interest.

The record shows without dispute that none of the appellants were personally acquainted with Messrs. Hoover, Sanders, McQuiddy or Addison; that the only information concerning the estate which they received was through their attorneys; that Mr. Van Zante and the firm of Kinney & Ritchie represented them legally, and in the negotiations for the sale of their interest to appellees, and that they knew of no representations except such as was communicated to them by their attorneys.

J. W. Sanders represented the interest of the heirs of Mary Bell Whitsel in the suit to declare her will invalid and made application to have McQuiddy & Addison appointed temporary administrators of her estate. The appellants fully understood through their attorneys the connection of Messrs. Hoover, Sanders, McQuiddy and Addison with the estate and the conflicting interest between themselves and the heirs of Mary Bell Whitsel, deceased, and retained separate attorneys to protect their interests.

██ On October 1, 1934, Mr. Hoover, in a letter, advised Kinney & Ritchie that he had had a conversation with Mr. Sanders relative to the purchase of appellants' interest in which he stated:

"A large amount of interest is now due or soon will be due and must be arranged for. The interest due on the indebtedness is largely more than the amount we will receive in November for lease."

On October 30, 1934, the appellants submitted through their attorneys, Kinney & Ritchie, to Mr. Hoover an offer to accept $17,500 for their interest in the land, and in reply thereto Mr. Hoover, on November 1st, wrote:

"I am very sorry but this is more than the interest is worth under present conditions, which statement you will agree with me in making. Will see you later."

We find no testimony which tends to disprove the statement that the revenues from the estate would be insufficient to take care of the accruing interest on the debt, but if this was an issue, appellants' attorneys had access to the books of the estate, knew the names and residences of the creditors, had ample opportunity to ascertain the truth or falsity of such statement, and since Mr. Hoover was not acting in a fiduciary capacity, neither of the misrepresentations alleged to have been made by him and relied on as an inducement to appellants to make the deed constituted actionable fraud.

██ There is no claim that any of the appellants were mentally incapacitated and they do not challenge the good faith, fidelity or vigilance of the attorneys who represented them, and the evidence is uncontroverted that appellees concealed no fact or facts from appellants' attorneys, who had equal opportunity with appellees to learn all the facts relative to the kind, character, amount and value of the land.

"Knowledge of or notice to the attorney, acquired during the existence of the relation of attorney and client, and while acting within the scope of his authority, is imputed to the client. This doctrine applies to a case where the attorney has been put upon inquiry by knowledge of certain facts, and would have been able to discover the entire status of a transaction if he had continued his investigation." 5 Tex.Jur. para. 39, page 441.

██ In law, a person occupies a fiduciary relation to another when he has knowledge and authority which he is bound to exercise for the benefit of such other person, but in our opinion, the temporary administrators of the estate of Mary Bell

Whitsel, deceased, were not as to appellants acting in a fiduciary capacity, Michael Erskine et al. v. Joseph De la Baum, 3 Tex. 406, 49 Am.Dec. 751, but should we be mistaken as to this, there is no indication from the evidence in the record that they possessed any knowledge that was not acquired by appellants' attorneys, hence, no actionable fraud would arise from a failure to make a full disclosure.

■ In addition to what has heretofore been said, it is our opinion that the judgment should be affirmed, since the testimony shows without controversy that the appellants' attorneys investigated for them the nature, character and quantity of the land, the amount of the separate estate, appellants' interest therein, the indebtedness against it, and the value thereof; knew that the community estate could first be subjected to the payment of the debts, and with this information before them, appellants accepted the consideration offered by appellees and conveyed to them the land. Having made an investigation and relied on their own judgment and the judgment of their attorneys, as shown by their evidence, they would not be entitled to rescind the sale and recover the land because of false representations on which they did not rely.

■ Black on Recission and Cancellation, Second Edition, Vol. 1, page 374, states the law in the following language:

"Where false and fraudulent representations are made concerning the subject-matter of a contract, but the person to whom they are made, before closing the contract (or before the time for payment arrives) inspects and examines the subject of the contract, or conducts an independent investigation into the matters covered by the representations, which is sufficient to inform him of the truth, and which is not interfered with or rendered nugatory by any act of the other party, it is presumed that he places his reliance on the information acquired by such investigation and on his own judgment based on such facts, and not on the representa-

tions made to him, and therefore he cannot have relief because his bargain proves unsatisfactory to him.

\* \* . \* \* \* \*

"It is not necessary to the application of this rule that the party in question should have made the investigation in person. The same result follows if he employs a third person, in whom he has confidence, to make the test or examination, and receives his report and relies on it, as where a person purchases a tax title to lands on the advice of his attorney, whom he employs to investigate the public records, and who makes an extended search, or where, before concluding the bargain, he has an examination made by an expert skilled in the particular business or process to which the subject-matter relates."

■ In Walton Farrar, Adm'r, et al. v. John Churchill, Trustee, et al., 135 U.S. 609, 10 S.Ct. 771, 34 L.Ed. 246, it is held [page 773]:

"The general principles applicable to cases of fraudulent representation are well settled. Fraud is never presumed, and where it is alleged the facts sustaining it must be clearly made out. The representation must be in regard to a material fact, must be false, and must be acted upon by the other party in ignorance of its falsity, and with a reasonable belief that it was true. It must be the very ground on which the transaction took place, although it is not necessary that it should have been the sole cause, if it were proximate, immediate, and material. If the purchaser investigates for himself, and nothing is done to prevent his investigation from being as full as he chooses, he cannot say that he relied on the vendor's representations."

This doctrine is announced in Cole v. Carter, 22 Tex.Civ.App. 457, 54 S.W. 914; O'Brien v. Von Lienen, Tex.Civ.App., 149 S.W. 723.

The other assignments do not present reversible error.

The judgment is affirmed.