**James DAVIS et al., Appellants,**

**v.**

**BROTHERHOOD OF RAILWAY CARMEN OF AMERICA, Local 783, et al.,**
**Appellees.**

**No. 12716.**

Court of Civil Appeals of Texas.

Galveston.

Dec. 2, 1954.

Dent, Ford, King & Wickliff, Roberson L. King, Houston, for appellants.

Bannon & Bannon, A. J. Bannon, Houston, for appellees.

PER CURIAM.

Appellants have filed herein their motion for leave to file their motion for rehearing in this cause received by our Clerk on November 6, 1954. The envelope in which the motion was received bears a Houston, Texas, postmark: "November 5, 1954, 12:30 p. m."

Rule 458, T.R.C.P., provides a motion for rehearing must be filed within 15 days from the date of the judgment. Our judgment affirming the judgment of the court below was rendered on October 21, 1954. Under this rule appellants should have filed their

motion for rehearing on or before November 5, 1954.

Rule 5, T.R.C.P., in part, provides: "* * * provided, however, if a motion for new trial, motion for rehearing, any matter relating to taking an appeal or writ of error from the trial court to any higher court, or application for writ of error is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail one day or more before the last day for filing same, *and the envelope or wrapper containing same bears a postmark showing such deposit,* the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time." (Emphasis supplied.)

The Supreme Court has held repeatedly that these two rules are mandatory. Hence it is deemed unnecessary to cite authority so holding.

The provision of Rule 5 quoted above contains four mandatory requirements, all of which must be complied with before a motion for rehearing, received after the time provided in Rule 458 has expired, can be filed, to-wit: (1) it must be sent by first class United States mail; (2) it must be properly addressed and stamped; (3) it must be deposited in the mail one day or more before the last day for filing same; and (4) the envelope or wrapper containing the same must bear a postmark showing such deposit.

The envelope containing the motion for rehearing clearly shows the first two requirements to have been complied with. As to the third requirement, counsel for appellants claim in their motion for leave to file that on November 4, 1954, they duly deposited their motion for rehearing in the mail box just outside of the building in which they have their office, and that in due course the motion should have been picked up by the postal authorities and postmarked on November 4th.

But appellants fail to show why the 4th requirement may be disregarded. From the foregoing it appears we have no alternative but to refuse appellants' motion for leave to file because the envelope in which the motion was mailed does not bear a postmark of one day or more before the last day for filng the same in this Court.

Motion refused.