**Mrs. Lucy BELL et al., Appellants,**

v.

**RAINS COUNTY, Texas, Appellee.**

**No. 7109.**

Court of Civil Appeals of Texas.
Texarkana.
June 30, 1959.

---

Joe N. Chapman, Sulphur Springs, Moore & Pemberton, Greenville, for appellant.

Wm. C. Parker, Greenville, Sanders & Stanford, Canton, for appellee.

DAVIS, Justice.

Plaintiff-appellee, Rains County, Texas, sued defendants-appellants, Mrs. Lucy Bell and her adopted son, Jack Bell, to require

them to remove any fence, gate or other obstructions from a road through land owned by Mrs. Bell and to enjoin them from interfering with the use of the road. The case was first tried in Rains County, and failing to get a verdict there, the case was transferred to Hunt County.

Prior to the trial in Hunt County, an instrument was found in the County Judge's desk in Emory. It reads as follows:

"The State of Texas} To the Commissioners Court, Rains County:
County of Rains}

"Whereas, a public road was formerly open running South from the John McAree place to Sabine River, crossing lands now owned by the undersigned, but said road, in places became impassable, and was by us changed to cross Franks Creek at a point where we have built a bridge, and it is now desired by the people of the community to have said road re-opened:

"Now, therefore, we, T. F. Bell and wife, Lucy Bell, agree that the Commissioners Court may have said road re-opened and changed to follow the present road, as we have changed it, except that when it reaches the correl on our place, the same shall be so established to run on the East side of the house and correl, and thence to Sabine River.

"/s/ T. F. Bell
"/s/ Lucy Bell

"Subscribed and sworn to before me this the 24th day of September, 1952.
"(Seal)
"/s/ O. H. Melton, Notary Public Rains County, Texas.

"State of Texas}
"County of Rains}

"Before me, the undersigned authority, on this day personally appeared T. F. Bell and his wife, Lucy Bell, known to me to be the persons whose names are subscribed to the foregoing instrument and they both acknowledged to

me that they executed the same for the purpose and consideration therein expressed.
"(Seal)
"/s/ O. H. Melton, Notary Public, Rains County, Texas."

During the trial at Greenville, appellee, Rains County, Texas, with approval of the court, filed a trial amendment, setting up the instrument in estoppel to the appellants' special defenses. Trial was to a jury and the only question answered by them was:

"Q. Do you find from a preponderance of the evidence that L. F. Bell and Lucy Bell executed the instrument identified as Plaintiffs' Exhibit No. 3? A. Yes."

Judgment was entered for Rains County, and Mrs. Bell and Jack Bell have perfected their appeal.

█ They bring forward five points of error. It was incumbent on Rains County to secure an answer to the issues that the road has been dedicated, or continuously used by the citizens of the county for over 10 years. Also, that the right to use the road has not been questioned. It takes considerable legal evidence to make such proof. McCarver v. City of Corpus Christi, 155 Tex. 153, 284 S.W.2d 142; Schultz v. Shatto, 150 Tex. 130, 237 S.W.2d 609; Othen v. Rossier, 148 Tex. 485, 226 S.W.2d 622; Hay v. Cunningham, Tex.Civ.App., 77 S.W. 2d 1057, wr. dis.; and Olds v. Traylor, Tex.Civ.App., 180 S.W.2d 511, wr. ref.

██ There are two descriptive rights-of-way. The appellee should be required to prove the right-of-way it is entitled to go and have a jury finding thereon. The judgment contains a metes and bounds description of the road in question; however, we have carefully reviewed the record and are of the opinion that the evidence is wholly insufficient to support the description contained in the judgment. Brown v. City

of Texarkana, Tex.Civ.App., 269 S.W.2d 804, wr. ref., n. r. e.; and Brown v. Woods, Tex.Civ.App., 300 S.W.2d 364.

The petition hereinabove referred to was not an exact conveyance. It states that the road became impassable, "and was *by us changed* to cross Franks Creek at a point where we have built a bridge, and *it is now desired* by the people of the community to have said road re-opened.

"Now, therefore, we T. F. Bell and wife, Lucy Bell, agree that the Commissioners Court may have said road re-opened *and changed* to follow the present road, *as we have changed it,* except that when it reaches the correl on our place, the same shall be *so established to run on the East side of the house and correl,* and thence to Sabine River." (Emphasis added.) This is not a petition in fact recognizing a public road as such. We would guess that the petition was made on request of the people who wanted to go to the river to hunt and fish. Testimony by appellants should have been admitted to show that it was so executed.

■ Appellants contend that Article 6703a, Vernon's Ann.Tex.Civ.St., is applicable. We quote from the Supreme Court of Texas in National Carloading Corp. v. Phoenix-El Paso Express, 142 Tex. 141, 176 S.W.2d 564, 568, where it is said:

"It is generally conceded that a right of action given by a statute may be taken away at any time, even after it has accrued and proceedings have been commenced to enforce it. 16 C.J.S. Constitutional Law p. 1242, § 254. It is also well settled that if a statute giving a special remedy is repealed without a saving clause in favor of pending suits, all suits must stop where the repeal finds them, and if final relief has not been obtained before the repeal becomes effective, it cannot be granted thereafter, and the repeal deprives the court of jurisdiction of the subject matter. * * *

"The courts are generally agreed that rights of action based upon purely statutory grounds may be abolished by the legislature even after they have accrued."

See, also, Dickson v. Navarro County Levee Imp. Dist. No. 3, 135 Tex. 95, 139 S.W.2d 257; and Gabbert v. City of Brownwood, Tex.Civ.App., 176 S.W.2d 344, wr. ref.

Appellants' points of error 1, 2 and 3 are sustained, and the judgment of the trial court is reversed and the cause remanded.

### On Motion for Rehearing

■ The opinion in the above case was handed down by this Court on May 26, 1959. The latest date for filing motion for rehearing was on June 10, 1959. On June 10, 1959, about 4:00 o'clock P.M., counsel for appellee mailed to this Court by special delivery air mail from Tyler, Texas, the motion for rehearing for appellee. The motion was delivered to the Clerk of this Court on the following morning.

Under the rules, the motion had to be mailed not later than the day before the last day to file same as provided by Rule 5, Texas Rules of Civil Procedure. Counsel for appellant has agreed that we may file the motion and consider the same. But, under the construction of Rule 5, T.R.C.P., this cannot be done.

Appellee has filed a motion to file the motion for rehearing late. Under the provisions of Rule 458, T.R.C.P., a motion for rehearing must be filed within 15 days from the date of judgment and there is no provision for the late filing of such motion. Under the holdings of cases of Thomas v. Thomas, Tex.Civ.App., 228 S.W.2d 548, n. w. h., and Davis v. Brotherhood of Railway Carmen of America, Local #783, Tex. Civ.App., 272 S.W.2d 938, n. w. h., we must overrule the motion.

It is so ordered.