Alva SAUNDERS, Appellant,

v.

William B. MARTIN et al., Appellees.

No. 7648.

Court of Civil Appeals of Texas.

Texarkana.

April 13, 1965.

Rehearing Denied May 11, 1965.

William G. Odeneal, Jr., Odeneal & Odeneal, Dallas, for appellant.

Whitfield Clark, Clark, Reed & Clark, Chester A. Oehler, Dallas, for appellees.

FANNING, Justice.

A summary judgment case. Plaintiff-appellant Saunders brought suit on the alleged fraudulent actions of defendants-appellees in regard to the sale of a residence by defendant owner William B. Martin and sold by defendant Rosa McMillan as a real estate broker. Plaintiff sought judgment against appellees for the difference in the actual value of the house and the value as represented; and in the alternative sought to recover against defendants jointly and severally his cost in repairing the allegedly concealed defects and made other contentions.

Defendants' motions for summary judgment were granted by the trial court. Plaintiff's motion for new trial was overruled. Plaintiff has appealed.

■ Summary judgment proceedings do not seek to decide issues of fact, but to ascertain if any genuine issues of material fact exist. Rolfe v. Swearingen, Tex.Civ. App., 241 S.W.2d 236, wr. ref., n. r. e. (1951); Lotspeich, et vir v. Chance Vought Aircraft, et al, Tex.Civ.App., 369 S.W.2d 705, wr. ref., n. r. e. (1963).

Saunders was shown a house owned by Martin on or about Oct. 15, 1958, and a few days subsequent thereto, by Mrs. Williamson, an agent of real estate broker McMillan. On Oct. 25, 1958, a contract was executed between Saunders and Martin for the purchase of said house for $37,000.00, with Saunders further agreeing to pay the broker McMillan, a commission of $1,500.-00. Martin and wife conveyed the property to Saunders by warranty deed on Nov. 3, 1958, and received the $37,000.00 agreed to be paid to them by the contract. Saunders paid broker McMillan the $1,500.00 commission.

Plaintiff claimed that defendant McMillan made certain oral representations in regard to the house that were false at the time they were made, known to be false by the party making them, and were relied upon by the plaintiff to his damage. This alleged reliance was based on the statement that "the house was built of fine materials and 'A–1 materials'". Plaintiff further claimed that the fair market value of the house as represented was $38,500.00; however, since it was "not built of fine materials and A–1 materials", its value at the time of delivery was $34,500.00. Plaintiff further claimed and alleged that certain defects and flaws were discovered upon moving into the house and that they were either concealed or did not exist at the time of his inspection.

On April 4, 1959, the appellant-plaintiff, after making certain repairs and improvements to the property in an amount (or approximate amount) of $1,445.06, sold the property in question for $40,000.00.

Plaintiff's oral deposition was taken. In it plaintiff stated to the effect that he looked at the house before he bought it, that he walked through the house twice with Mrs. Williamson (an agent of broker McMillan) and that he went into all of the rooms of the house. In answer to the question "Did Mrs. Williamson conceal anything from you at the time she showed you through the house", plaintiff replied "Not to my knowledge". Appellant further stated to the effect that he could not say that Mrs. Wil-

liamson had concealed any defects in the house from him and stated: "I imagine if she knew it was there, I think she would have told me about it. But I don't think she knew the house was in that shape." Appellant, in answer to the question, "Do you think she (Mrs. Williamson) intentionally concealed anything from you?", replied, "I do not." Neither defendant Martin, nor defendant McMillan showed the house to plaintiff Saunders—it was shown by Mrs. Williamson (agent of McMillan) and the house was looked at twice by Saunders, looking into all rooms, before Saunders signed the purchase contract.

We think it is a fair conclusion from appellant's statements in his deposition and the record as a whole that, due to his actual investigation of the premises he was in as good a position as appellee McMillan and her agent Williamson to determine the quality of the materials and construction of the house.

■ Appellant's claim against broker defendant McMillan is based on her statement that "the house was built of fine materials and A–1 materials". This statement was not made by the owner defendant Martin and plaintiff does not claim that Martin made such a statement. It is undisputed that appellee Martin made no representations whatsoever to appellant except those contained in the written contract.

It is clear from the undisputed record that the broker McMillan was not a general agent of defendant Martin authorized to make representations in behalf of Martin. In this connection see Loma Vista Development Co. v. Johnson, 142 Tex. 686, 180 S.W.2d 922 (1944), wherein it was held that ordinarily a real estate broker with whom a house is listed is only a special agent with limited authority to showing the property and finding a purchaser.

Unquestionably, defendant Martin under the undisputed record did not make any fraudulent representations, and any representations made by broker defendant McMillan as to the house being built of fine materials and A–1 materials were not authorized (or known of) by Martin and were not within the scope of any authority delegated by Martin to McMillan.

■ We are also of the view that defendant McMillan's statement that "the house was built of fine materials and A–1 materials", was more in the nature of puffing talk or dealer's talk, and the expression of an opinion without there existing any element of bad faith on Mrs. McMillan's part, since under the record it is clear that defendant McMillan and plaintiff Saunders were dealing at arms length and both had equal means of information and were equally qualified to judge the true facts. See the following authorities: Zucht v. Stewart Title Co., Tex.Civ.App., 207 S.W.2d 414, wr. dism. (1948); Harris v. Sanderson, Tex.Civ.App., 178 S.W.2d 315, writ refused (1944); Whitsel v. Hoover, Tex.Civ.App., 120 S.W.2d 930, wr. dism., (1938).

Also in this connection, see 25 Tex.Jur. 2d 47, wherein it is stated in part as follows: "General commendations, commonly known as dealer's talk, seller's statements, or puffing, do not amount to actionable misrepresentations where the parties deal at arm's length and have equal means of information and are equally well qualified to judge the true facts. Cope v. Pitzer (CA) 166 S.W. 447, err. dism'd; Patterson v. Bushong (CA) 196 S.W. 962, err. ref.; Tippit v. Stue Kert [Stuckert] (CA) 71 S.W. 2d 914 [609]. The law will not assist the purchaser who accepts exaggerated statements of value made by a vendor when he is in a position, as good as that of the vendor, to ascertain the truth of the assertions. Riley v. Treanor (CA) 25 S.W. 1054."

It is our view that under the undisputed record the trial court correctly granted the motions for summary judgment. Appel-

lant's various contentions have been considered and are overruled.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

The opinion of this court in this cause was rendered April 13, 1965. Rule 458, Texas Rules of Civil Procedure, provides that a motion for rehearing must be filed within 15 days from the date of judgment. Under this rule, appellant should have filed his motion for rehearing on or before April 28, 1965.

Rule 5, T.R.C.P. provides as follows:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (a) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or (b) upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act; *but it may not enlarge the period for taking any action under the rules relating to new trials or motions for rehearing except as stated in the rules relating thereto or the period for taking an appeal or writ of error from the trial court to any higher court or the period for application for writ of error in the Supreme Court, except as stated in the rules relating thereto;* provided, however, if a motion for new trial, motion for rehearing, any matter relating to taking an appeal or writ of error from the trial court to any higher court, or application for writ of error is sent to the proper clerk by first-class United States mail in an envelope or wrapper *properly addressed* and stamped and is deposited in the mail one day or more before the last day for filing same, and

the envelope or wrapper containing same bears a postmark showing such deposit, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time." (Emphasis added.)

◼ Rule 5 and Rule 458 with respect to motions for rehearing and providing for mailing a motion are mandatory. Davis v. Brotherhood of Ry. Carmen of America, Tex.Civ.App., 272 S.W.2d 938, no writ (1955).

Appellant on April 29, 1965, addressed a letter to the clerk of this court, enclosing a motion to allow the late filing of appellant's motion for rehearing in this case, which motion for late filing was received and filed by the clerk of this court on April 30th, 1965. The grounds set up in said motion to file are essentially as follows: That on April 27, 1965, appellant's attorney mailed a motion for rehearing and two copies of same by proper mail which was postmarked April 27, 1965, and which was addressed to the clerk of this court. However, the address was incorrect in that the envelope was addressed to the clerk of this court at the city of "Dallas", Texas, instead of the proper address, "Texarkana", Texas. The said letter was not delivered to the clerk of this court, but was returned by the postal services to appellant's attorney and he received the same on April 29, 1965. Then, as above stated, said attorney on April 29, 1965, mailed the motion for rehearing with two copies thereof to the clerk of this court and mailed in connection therewith his motion for permission to file the motion for rehearing and has requested this court to liberally interpret Rule 5, T.R.C.P., so as to permit the filing of his motion for rehearing.

The envelope which bore a postmark of April 27th, 1965, addressed to the Clerk of this Court at "Dallas, Texas" did not reach the clerk of this court. Rule 5 requires a proper address. The envelope postmarked April 27, 1965, was improperly addressed

and was not in compliance with Rule 5, T. R.C.P.

The motions for rehearing mailed on April 29th, 1965, were mailed too late. Since Rules 5 and 458, T.R.C.P., are mandatory with respect to motions for rehearing, we have no discretion to allow the late filing of appellant's motion for rehearing. We must therefore overrule appellant's motion to file his motion for rehearing. In this connection see the following authorities: Reynolds v. Dallas County, 146 Tex. 372, 207 S.W.2d 362 (1948); Thomas v. Thomas, Tex.Civ.App., 228 S.W.2d 548, no writ (1950); Davis v. Brotherhood of Railway Carmen of America, Tex.Civ.App., 272 S.W.2d 938, no writ (1955); Bell, et al. v. Rains County, Texas, Tex.Civ.App., 326 S. W.2d 189, no writ (1959).

Appellant's motion to file his motion for rehearing is overruled.