**BRACERO TRANSPORTATION COMPANY, Inc., Appellants,**

v.

**The CRYSTAL CITY INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 14876.

Court of Civil Appeals of Texas, San Antonio.

Feb. 4, 1970.

Rankin, Kern, Martinez & Van Wise, McAllen, for appellants.

Gates Steen, Austin, for appellee.

PER CURIAM.

On January 14, 1970, appellant filed its motion for an extension of time within which to file the statement of facts, where-in it was alleged that although the statement of facts was then completed and had been approved by the attorneys for both parties, the time for filing same should be extended to January 28, 1970, "because of the distances involved and the uncertainties of the mail deliveries." Appellee contested such motion and asserted that since the statement of facts had been duly approved by appellee and was in possession of the attorney for appellant on January 13, 1970, same could be timely filed.

■ Appellant desires to appeal from the judgment of the trial court signed on November 18, 1969, and therefore the record was due to be filed in this Court on or before January 17, 1970. Rule 386, Texas Rules of Civil Procedure. Since this was a Saturday, the record was due on Monday, January 19, 1970. Rule 4, supra. The transcript was timely filed on January 14, 1970; however, the statement of facts was not received by our Clerk until January 20, 1970. The envelope in which same was received bears a postmark of January 19, 1970, at Crystal City, Texas. The uncontradicted record establishes that on January 13, 1970, appellant's attorney approved the statement of facts which had been previously approved by appellee's attorney. Appellant's attorney then mailed same to the District Clerk of Zavala County and instructed her to file same and then forward it to the Clerk of this Court. The statement of facts bears a file mark of January 18, 1970, signed by the District Clerk of Zavala County. Appellant urges that it complied with Rule 5, supra, in that the statement of facts was mailed to the District Clerk of Zavala County in ample time for her to have filed and timely forwarded same to our Court.

The delay in tendering this statement of facts to the Clerk of our Court was caused by appellant's improperly mailing same to the District Clerk of Zavala County for filing. Rule 381, supra, was amended, effective September 1, 1962, to eliminate the requirement that the statement of facts be

filed in the trial court. Rule 5, supra, provides in part that if any matter relating to taking an appeal from the trial court to any higher court "is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail one day or more before the last day for filing same, and the envelope or wrapper containing same bears a postmark showing such deposit, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time."

Here the statement of facts, although timely mailed by appellant, was not properly addressed to the Clerk of this Court. The envelope in which the District Clerk forwarded same to this Court was properly addressed to our Clerk, but was not postmarked one day or more before the last day for filing same. Therefore, there was no compliance with Rule 5, supra.

The provisions of Rule 386, supra, are mandatory and jurisdictional and must be complied with in order to invoke appellate jurisdiction. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587; Meridian Resources, Inc. v. Colley Gin Co., 430 S.W.2d 372 (Tex.Civ.App.—Corpus Christi 1968, no writ); Smith v. State, 424 S.W.2d 953 (Tex.Civ.App.—San Antonio 1968, no writ). The fact that the statement of facts was inadvertently mailed to the wrong court is not good cause for failing to timely file same. Saunders v. Martin, 390 S.W.2d 513 (Tex.Civ.App.—Texarkana 1965, no writ); Lynn v. Clark, 351 S.W.2d 538 (Tex.Civ. App.—Austin 1961, no writ); Watson v. Jones, 348 S.W.2d 414 (Tex.Civ.App.— Waco 1961, no writ).

We conclude that appellant's motion does not show good cause where the uncontradicted record is that the statement of facts could have been timely filed in this Court.

The motion is denied.