FRED MANCHACA ET AL V. FRANK MARTINEZ ET AL.

No. 7499. Decided February 26, 1941.

*Russell & Edwards,* of Nacogdoches, for plaintiffs in error.

The court erred in refusing to allow a partition of this land. Hudgins v. Sansom, 72 Texas 229, 10 S. W. 104; Jones v. Dewbre, 13 S. W. (2d) 233.

*Seale & Thompson,* of Nacogdoches, for defendants in error.

A homestead is not subject to partition among the heirs so long as the surviving husband or wife may elect to use same. Pressley v. Robinson, 57 Texas 453; Cline v. Noble, 117 Texas 474, 8 S. W. (2d) 633.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

The sole question presented by this appeal is the right of the owners of the fee to compel a partition of the homestead during the rightful occupancy thereof by the surviving husband.

The land in question, consisting of 200 acres, was the separate property of Mary Martinez, and was occupied by her and her husband as their homestead during her lifetime. After her death her husband continued to occupy the property as his homestead. The grantees of some of the heirs of Mary Martinez brought suit against the husband and other heirs for partition of the property. It is their contention that, although they are not entitled to disturb the right of possession of the home-steader, they are nevertheless entitled to have the property partitioned, subject to the right of possession by the surviving husband. The trial court denied the right to partition, and the Court of Civil Appeals affirmed the judgment. 119 S. W. (2d) 702.

Article XVI, Section 52, of the Constitution provides as follows:

"On the death of the husband or wife, or both, the home-stead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband of wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having jurisdiction, to use and occupy the same."

If the above constitutional provision were the only obstacle, a partition, subject to the right of the homesteader to continue to have the exclusive possession of the property, might be justified, because the purpose of he constitutional provision was doubtless to protect the right of the homesteader in his exclusive possession of the property; and if such right of possession was not disturbed by the partition, he would suffer no injury.

But there is another fundamental obstacle to partition under such circumstances. It is the well-established rule that, in the absence of a statute to the contrary, a party, in order to be entitled to compel partition, must not only own an interest in the land, but he must be entitled to possession of a portion thereof. 47 C. J. 311; 20 R. C. L. 727, sec. 11; 32 Tex. Jur. 160; Henderson v. Chesley, 273 S. W. 299; Tieman v. Baker, 63 Texas 641, 643; Brite v. Slack, 25 S. W. (2d) 881; Luckel v. Barnsdall Oil Co., 74 S. W. (2d) 127.

The rule here under consideration was expressed by Associate Justice Stayton in Tieman v. Baker, supra, as follows:

"The very purpose of partition is to enable one holding or entitled to hold with others an undivided possession, to sever that possession and right, and thenceforth to hold an exclusive possession of a specific part of the property, which before partition all the co-owners had the equal right to possess.

"When the right to possess the entire property exists in one holding a life estate, if such person has no other estate, no right to partition exists; for it could confer no benefit, as no higher estate can be acquired by partition."

Under the above rule, since the plaintiffs were not entitled to possession of any of the land sought to be partitioned, they were not entitled to partition thereof.

Our holding in this respect is not in conflict with the rule announced in Hudgins v. Sansom, 72 Texas 229, 10 S. W. 104. In that case other property in addition to the homestead was involved, and consequently those seeking partition were entitled to possession of some of the property sought to be partitioned. The Court adhered to the rule that the homestead itself could not be divided or partitioned among the parties to the suit; but held that it might be taken into consideration in the partition of the whole estate.

The judgments of the trial court and the Court of Civil Appeals are affirmed.

Opinion delivered February 26, 1941.