A. Albert **LICHTENSTEIN**, Sr., Appellant,

v.

**LICHTENSTEIN BUILDING CORPORATION**, Appellee.

No. 378.

Court of Civil Appeals of Texas.

Corpus Christi.

May 29, 1969.

Rehearing Denied June 30, 1969.

Branscomb, Gary, Thomasson & Hall, Richard A. Hall, Corpus Christi, for appellant.

Keys, Russell, Watson & Seaman, James C. Watson, Corpus Christi, Fulbright, Crooker, Freeman, Bates & Jaworski, L. Keith Simmer, Houston, for appellee.

## OPINION

NYE, Justice.

This is a partition suit of real property and improvements of a department store located in downtown Corpus Christi. The suit was filed by appellee Lichtenstein Building Corporation against appellant A. Albert Lichtenstein, Sr., individually and as trustee. The issue of whether the property was susceptible to partition in kind was tried before the court and jury. The jury found that the property was not susceptible to a fair and equitable division in kind, whereupon the trial court ordered the property sold and appointed a receiver for such purposes. The proceeds of such sale were ordered to be returned into court and distributed among the parties in accordance with their respective interests.

The property in question concerned two lots facing Chaparral Street and two lots facing Mesquite Street. The south side of the property, one block long, bordered on Lawrence Street. Lichtenstein Building

Corporation was the owner of the entire property in 1951 when it was leased to Lichtenstein, Inc. for a twenty-year term. This lease reserved rents to the lessor and restricted the use of the premises to department store purposes. Lichtenstein Building Corporation conveyed an undivided one-half interest in the property to appellant's corporation, Hotels, Inc. In 1954 appellee and Hotels, Inc. obtained a loan from Equitable Life Assurance Society of the United States secured by a deed of trust on the property and an assignment of certain rights of the owners under the lease. Thereafter, Hotels, Inc. changed its name to A A L Enterprises, Inc. and was later dissolved. With the consent of Equitable the assets of the corporation were transferred to appellant. A part of appellant's one-half interest is in trust naming appellant trustee.

Appellant filed a plea in abatement in answer to the suit for partition in which it was asserted that the property was not subject to partition at the time the suit was filed because of the existing lease, deed of trust and assignment of lease. Although the overruling of the plea in abatement is assigned as one point of error, it is neither briefed nor argued, and therefore not considered by us. Appellant makes no complaint of the jury findings on appeal. In a number of points of error, appellant asserts that the property is not subject to being partitioned either as a matter of law or because fact issues were raised that required a jury determination of an implied agreement not to partition; or that appellee was estopped to claim partitioning of the property by past agreements, until after the due date of the note to Equitable.

Appellant argues in his third point of error that appellee was not entitled to demand a partition because it had no present possessory interest in the property. It is contended by appellant that by judicial construction, one of the pre-requisites to the right to partition property is a possessory interest, relying upon Manchaca v. Martinez, 136 Tex. 138, 148 S.W.2d 391 (1941).

In that case a wife had died leaving separate real property which had been occupied by her and her husband as their homestead. After the wife's death, her husband continued to occupy the property as his homestead. The grantees of some of the heirs of the deceased wife brought suit against the husband and some of the other heirs for a partition of the property. In their suit they sought partition, subject to the husband's rights of possession in the homestead. In affirming the lower court judgment that no partition was available, the Supreme Court said:

"* * * It is the well-established rule that, in the absence of a statute to the contrary, a party, in order to be entitled to compel partition, must not only own an interest in the land, but he must be entitled to possession of a portion thereof. * * *" (Citing authority)

Appellant argues that under the facts in this case the question here to be resolved was whether appellee established a possessory right in the property sufficient to entitle it to partition. The property, appellant says, was subject to a lease that gave no right to re-enter the premises for any purpose. Therefore, it is argued that the parties to this suit had no possessory rights whatsoever.

■ Generally a suit for partition is maintainable wherever property is owned by two or more persons jointly or in common. Article 6082, Vernon's Ann.Civ.St., permits joint owners of real estate "* * * whether held in fee or by lease or otherwise, (to) compel a partition thereof between the other joint owners * * *."

■ As far as we can determine, the precise situation that is before us has escaped the attention of the Texas appellate courts. It has been recognized in Texas that the statute requires three necessary requisites to a forced partition. "First, the partitioners must be joint owners; second, of the land, or any interest therein; and, third, the party seeking the

partition must have an equal right to possession with the other joint owners." Henderson v. Chesley, 273 S.W. 299 (Tex. Civ.App.—1925 wr. ref.); 116 Tex. 355, 292 S.W. 156 (1927).

A determination of what this "right to possession" means, requires that we examine some Texas and other authority. Partitioning was allowed in Belgam Oil Co. v. Wirt Franklin Petroleum Corporation, 209 S.W.2d 376 (Tex.Civ.App.—Galveston 1948) where appellant and appellee were joint owners of the lease. The overriding royalty owners who had no right to possession, were not entitled to partition. The court said:

> "The fact that in the instant case the trial court has ordered the property sold in order to perfect the partition does not impair the validity of the rule that a partition proceeding involves a segregation of the right of use and possession of the land, and is for the purpose of bringing an end to a joint right of use and possession. The owners of the overriding royalties do not have the right of possession or the right to share in the possession under the lease, and consequently, it is not necessary that their interests be partitioned. * * *"

To the same effect see Newcomb v. Blankenship, 256 S.W.2d 700 (Tex.Civ.App.—Texarkana 1953).

In Garza v. De Montalvo, 213 S.W.2d 762 (Tex.Civ.App.—San Antonio 1948), constructive possession was recognized. There ten owners of a tract of land executed a partition agreement setting aside to each joint owner his interest in a separate and fully described tract, that had been previously leased. The heirs contended that the volunteer partitioning did not partition the minerals. However, the court held that the royalty was real estate and went with the land. The partition agreement had the effect of partitioning not only the surface estate but also the mineral estate subject to the unitized mineral lease in existence on the entire tract.

Partition is a right much favored by the courts upon the ground that it not only secures peace, but promotes industry and enterprise; that each should have his own. The mere difficulty of effecting it is not regarded as a sufficient reason for refusing to grant it.

The general rule recognized in other states as in Texas is, that in absence of a statute providing otherwise, only an estate in possession is subject to partition. Out of state authority reasons further that an estate by virtue of which a person is entitled to enjoy the present rents as one of the co-owners of the property, is constructive possession thereof. The requirement is satisfied by the lessee's possession which inures to the owner's benefit. A pending lease for years seems to be no obstacle to partition between owners of the fee. The possession of the lessee is the possession of the reversioners or remaindermen and therefore satisfies the requirement that the parties must have possession or the right to possession in order that there may be partition. The lessor's interest is not such an estate in expectancy, where the right to possession is postponed to a future period and where partition generally is denied. It is no objection then, to the maintenance of the action that one or all of the parties are not in actual physical possession. The result of the partition action is that the parties are awarded the portion by which they are entitled as though they were in physical possession. The only real ground of complaint, as is argued here is, that the parties obtain what they own sooner than they should. It follows, however, that the partition sale must be subject to the lease and the lessees become tenants to the purchaser of the rents and the reversion. See 151 A.L.R. 388, 40 Am.Jur. § 102, p. 86 and §§ 28 and 31, pp. 22–27; 68 C.J.S. Partition § 29, pp. 42–43 and see 47 C.J., p. 298. See Article 6099, V.A.C.S.; 2 Tiffany Law of Real Property, § 476, p. 317, third edition. Rawson v. Brown, 104 Ohio St. 537, 136 N.E. 209 (1922).

We hold that an estate in possession means merely an estate in present enjoyment. If a person is entitled to enjoy the present rents of the property as one of the co-owners thereof, he fulfills the requirement of actual possession under the statute. Articles 6082, 6099, V.A.C.S.

Appellant by numerous points of error complains that the trial court refused to permit the introduction of evidence relative to defendant's pleaded defenses of estoppel and implied agreement not to partition the land in question. In support of these defenses the defendant offered in evidence the testimony of Morris Lichtenstein, Sr. (president of appellee corporation), A. Albert Lichtenstein, Sr., the appellant, and various documentary exhibits. All of such testimony and the excluded documents are before this Court on a bill of exception. The exhibits established that in 1954 a $1,-150,000.00 loan was obtained by Hotels, Inc. (predecessor in title to appellant's interest) and appellee. The exhibits are essentially evidence of this loan, the security arrangements, leases, assignments of the loan and leases, and various transfers of ownership.

It is a rule well settled in this State that if a material issue of fact supported by pleadings is raised by competent evidence of probative force, it is the duty of the trial court to submit it to the jury.

Appellant asserts that the lease, deed of trust, and note amount to an implied agreement not to partition, or that they raised an issue of estoppel against partition. Appellant says that an agreement not to partition should be implied in this case because of the loss of the continued rental income from the leased property. Continuing he says that each party had a contractual right to receive certain periodic sums of money under the lease, and that after the partition sale, appellant will be left in a position to receiving cash in a lump sum for his interest in the property rather than monthly rental income payments to which he would be entitled by

virtue of the lease contract. He argues that in absence of the lease income he would be unable to meet his financial obligations and he would not have entered into the loan transaction had there been any discussion whatsoever of the possibility of a partition of the property; that although he voluntarily assumed the indebtedness of Hotels, Inc. when the corporation was liquidated, he would not have undertaken this personal liability in the absence of continuing lease income from the property. This later act was done by appellant unilaterally. Almost all of appellant's arguments are those which could be advanced by any co-owner of leased premises in resisting a partition action. The fact that no discussion of any future partition between the parties when the Equitable loan was obtained in 1954 does not raise any implied agreement not to partition.

Although the general principle of law that the right to partition is absolute, it was never intended to interfere with contracts between co-tenants modifying or limiting this otherwise incidental right, nor to render it impossible for parties to make contracts expressly providing against partitioning. An express agreement not to partition will be honored by the courts and an agreement against partitioning will be implied, when the granting of such relief would destroy the estate sought to be partitioned. Warner v. Winn, 191 S.W.2d 747 (Tex.Civ.App.—San Antonio 1945). If by contract the parties impliedly agreed not to partition, then he who sought partition action would be estopped to assert such right. Odstrcil v. McGlaun, 230 S.W.2d 353 (Tex.Civ.App.—Eastland 1950). However, as was very ably stated by Justice Norvell in Warner v. Winn, supra:

" * * * it can hardly be said that each and every covenant or provision relating to property held in common carries with it the implication that no partition shall be had. Consequently, it is necessary in each case to examine the particular con-

tract involved and from the provisions thereof determine whether or not the parties impliedly contracted against partition. If they did not then the right of partition is absolute."

See also 40 Am.Jur. 5; 132 A.L.R. 667 and following.

We have carefully reviewed and examined all of the exhibits and the offered testimony of the witnesses and do not find any evidence of an agreement expressed or implied not to partition, nor was any action taken on the part of appellant or by the appellee corporation and relied upon by appellant that would amount to raising an issue of fact for estoppel. Warner v. Winn, supra. See 28 Am.Jur.2d, Estoppel and Waiver, § 35, p. 640. All of appellant's points are overruled.

Judgment of the trial court is affirmed.

SHARPE, J., concurs in the result.