NUMBER 13-98-473-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


MCEN 1996 PARTNERSHIP, Appellant,


v.



ALFRED C. GLASSELL, JR.,

ET AL., Appellees.

____________________________________________________________________


On appeal from the 25th District Court of Gonzales County,

Texas.

____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and

Yañez 

Opinion by Justice Yañez


 This suit involves six gas units(1) owned by appellant, MCEN 1996
Partnership ("MCEN"), and appellees.(2) The units were each created by
separate documents, which unitized several leases to facilitate the
efficient production of gas from reserves underlying the properties
subject to the leases. MCEN acquired an interest in the units and
subsequently filed suit in district court to partition the units by sale. 
Both MCEN and the appellees filed motions for summary judgment. 
The trial court denied appellant's motion and granted summary
judgment in appellees' favor. With two issues, appellant challenges the
trial court's ruling. We affirm.

 With its first issue, MCEN argues that a working interest in a
developed gas unit is an interest in real property which is subject to an
absolute right to partition. 

 All participants to a pooling agreement cross-convey to one
another an interest in the minerals subject to the agreement. 
Montgomery v. Rittersbacher, 424 S.W.2d 210, 213 (Tex. 1968). All
the parties subject to a pooling agreement own an undivided interest in
the pooled mineral interests in proportion to their contribution to the
unitized tract. Id. MCEN, as an owner of an interest in the gas units,
held an undivided interest in all the pooled leases. Mineral interests are
interests in real property. Renwar Oil Corp. v. Lancaster, 276 S.W.2d
774, 776 (Tex. 1955); State v. Quintana Petroleum Co., 133 S.W.2d
112, 114-15 (Tex. 1939).

 A joint owner of an interest in real property may compel partition
of that interest. Tex. Prop. Code Ann. §23.001 (Vernon 2000). 
However, parties can agree to waive the right to partition. Lichtenstein
v. Lichtenstein Bldg Corp., 442 S.W.2d 765, 769 (Tex. Civ. App.--Corpus Christi 1969, no writ). An express agreement not to partition
will be honored by the courts. Id. The pooling agreements creating the
units involved in this case each contain agreements not to partition.

 The pooling agreements for the Dubose "B" Unit and Baker Unit
contain a clause providing that the pooling agreement:

shall remain in effect as long as the pooled mineral is being
produced or shut-in gas royalties are paid under the terms of
the mineral leases and amendments thereto which are
included in the pooled unit, or so long as drilling operations
or reworking operations are being prosecuted thereon with
no more than 60 days between cessation of either
production or such operations and the beginning or
resumption of either of them from time to time thereafter. 
The unit created hereunder may be dissolved at any time
either in its entirety or as to any one or more strata or
stratum by an instrument executed by Lessees and filed for
record in the office of the County Clerk of Gonzales County,
Texas, provided the mineral and royalty owners under the
leases included within the pooled unit have previously
consented in writing to such dissolution.


This clause expresses an agreement to not partition the mineral
interests without the written consent of all the mineral and royalty
owners.

 The designations of unit for both the Borchers-Hilbrich-Gardien
Unit and the Dubose No. 1 Unit also contain a clause waiving the right
of partition. Both designations conclude with a clause stating that the
designation of unit:

will become effective as of the date a counterpart thereof is
recorded in Gonzales County, Texas, and shall remain in
effect for a period of ninety (90) days and so long thereafter
as there is a well within the pooled area capable of
producing gas, condensate, distillate or other liquid
hydrocarbon except oil, or producing, drilling or reworking
operations are being conducted thereon with no cessation of
more than sixty (60) consecutive days.


This clause waives the parties right to partition at will by establishing
the conditions under which the unit will cease to exist. The parties
agreed to maintain the unit as long as there is a well producing "gas,
condensate, distillate or other liquid hydrocarbon except oil" or as long
as "producing, drilling or reworking operations are being conducted." 
The contracts creating the Dubose No. 1 Unit and the Borchers-Hilbrich-Gardien Unit both express a waiver of the right of partition.

 The remaining two units at issue, the Elenora Gas Unit and the
Campbell-Hahn Gas Unit, were created with one declaration of pooling
and unitization. The final clause of the declaration states that it was
made:

pursuant and under the terms and provisions of the oil and
gas leases relating and pertaining to each unit created
hereby, all to the end that such leases as to each such unit
created hereby, are pooled, combined and unitized for the
purpose of producing gas from the Edwards Lime Reservoir
. . . through any well or wells now or hereafter drilled to,
completed in and producing from said Edwards Lime
Reservoir on any unit created hereby.


Because we conclude that this provision provides that the unit
continues to exist as long as the pooled leases are in effect, we find that
the declaration contains a waiver of the right to partition.

 A unit is dependent upon existing mineral leases. Texaco, Inc. v.
Letterman, 343 S.W.2d 726, 731 (Tex. Civ. App.--Amarillo 1961, writ
ref,d, n.r.e.). A unit exists only if it is made up of two or more leases
which are in full force and effect. Id. at 730. The declaration states that
it exists "under the terms and provisions of the oil and gas leases"
which are pooled by the declaration of pooling and unitization. Under
the terms of the declaration, the unit will exist as long as the pooled
leases exist. By entering into the agreement to unitize, the parties
agreed to maintain the unit as a whole while the underlying leases were
in effect. The declaration contains an agreement not to partition.

 Although MCEN holds property interests in the gas units which
are the subject of this lawsuit, MCEN's right to partition these interests
is subject to the express agreements not to partition found in the
declarations which created the units. MCEN's first issue is overruled. 


 In its second issue, MCEN argues that the trial court erred in
granting summary judgment for the appellees. When a summary
judgment does not specify the ground upon which the trial court relied
for its ruling, the appellate court must affirm the judgment if any of the
grounds raised in the motion for summary judgment are meritorious. 
State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993);
Swoboda v. Swoboda, 17 S.W.3d 276, 279 (Tex. App.--Corpus Christi
2000, no pet.).

 In the case now before this Court, the trial court did not specify
the basis for its ruling in the final judgment. In their motion for
summary judgment one of the grounds raised by the appellees was that
the pooling agreements and operating agreements contained
agreements not to partition. As discussed above, the agreements
creating the units contain agreements not to partition. The trial court
properly granted appellees' motion for summary judgment. MCEN's
second issue on appeal is overruled. 

 The judgment of the trial court is AFFIRMED.




 LINDA REYNA YAÑEZ

 Justice



Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

30th day of November, 2000.




1. In its original petition, instead of naming the gas units in
dispute, appellant stated that the descriptions of the properties were
attached in an appendix to the petition and incorporated by
reference. The properties described in the attachment were the:
Elenora Gas Unit, Campbell-Hahn Gas Unit, Dubose "B" Unit, Baker
Unit, Borchers-Hilbrich-Gardien Unit, Dubose No. 1, and Dubose "A"
Unit. On October 14, 1997, appellant filed a first amended petition,
which again listed the properties in an attachment which was
incorporated by reference. The Dubose "A" Unit was not included in
the appendix. Because this unit was not included in the live pleading
subject to the summary judgment, it is not before this Court on
appeal.
2. The appellees in this case are Alfred C. Glassell, Jr., Gene
Woodfin, Cecil V. Hagen, Yates Energy Corporation, Jalapeno
Corporation, Texas Consolidated Petroleum Corporation, KX
Investments, Inc., Arch Petroleum, Roy Browning, Gary B. Laughlin,
Mosbacher Energy Corporation, Pioneer Oil & Gas, DKE Dyersdale,
Inc., Cathy Mengden Dohnalek, Walter H. Mengden, Jr., Walter H.
Mengden, III, John Mengden, Joseph Mengden, Carl Crawford
Mengden, Susan Mengden, Michael Mengden, and Pati-Dubose, Inc.