MCEN 1996 PARTNERSHIP,
Appellant,

v.

Alfred C. GLASSELL, Jr.,
et al., Appellees.

No. 13–98–473–CV.

Court of Appeals of Texas,
Corpus Christi.

March 1, 2001.

Michael Lewis Hamric, Michael T., Swaim, Spring, Audrey Mullert Vicknair, Chaves, Gonzales & Hoblit, Paul W. Nye, Roberta Dohse, Chaves, Gonzales & Hoblit, Corpus Christi, for appellant.

J. Harrell Feldt, Vinson & Elkins, Houston, Marcus F. Schwartz, Schwartz & Schwartz, Hallettsville, James M. O'Leary, Odessa, for appellees.

Before Chief Justice SEERDEN and Justices HINOJOSA and YAÑEZ.

## OPINION ON MOTION FOR REHEARING

Opinion by Justice YAÑEZ.

We issued our original opinion on November 20, 2000. Appellees subsequently filed a motion rehearing. We grant the motion for rehearing, withdraw our previous opinion, and substitute the following as the opinion of this Court.

This suit involves seven gas units[1] owned by appellant, MCEN 1996 Partnership ("MCEN"), and appellees.[2] The units were each created by separate documents, which unitized several leases to facilitate the efficient production of gas from reserves underlying the properties subject to the leases. MCEN acquired an interest in the units and subsequently filed suit in district court to partition the units by sale. Both MCEN and the appellees filed motions for summary judgment. The trial court denied appellant's motion and granted summary judgment in appellees' favor. With two issues, appellant challenges the trial court's ruling. We affirm.

■ With its first issue, MCEN argues that a working interest in a developed gas unit is an interest in real property which is subject to an absolute right to partition.

■ All participants to a pooling agreement cross-convey to one another an interest in the minerals subject to the agreement. *Montgomery v. Rittersbacher*, 424 S.W.2d 210, 213 (Tex.1968). All the parties subject to a pooling agreement own an undivided interest in the pooled mineral interests in proportion to their contribution to the unitized tract. *Id.* MCEN, as an owner of an interest in the gas units, held an undivided interest in all the pooled leases. Mineral interests are interests in real property. *Renwar Oil Corp. v. Lancaster*, 154 Tex. 311, 276 S.W.2d 774, 776 (1955); *State v. Quintana Petroleum Co.*, 134 Tex. 179, 133 S.W.2d 112, 114–15 (1939).

■ A joint owner of an interest in real property may compel partition of that interest. Tex.Prop.Code Ann. § 23.001 (Vernon 2000). However, parties can agree to waive the right to partition. *Lichtenstein v. Lichtenstein Bldg. Corp.*, 442 S.W.2d 765, 769 (Tex.Civ.App.—Corpus Christi 1969, no writ). An express agree-

---

1. The gas units involved are stipulated by the parties as being the: Elenora Gas Unit, Campbell–Hahn Gas Unit, Dubose "A" Unit, Dubose "B" Unit, Baker Unit, Borchers–Hilbrich–Gardien Unit, and Dubose No. 1 Unit.

2. The appellees in this case are Alfred C. Glassell, Jr., Gene Woodfin, Cecil V. Hagen, Yates Energy Corporation, Jalapeno Corporation, Texas Consolidated Petroleum Corporation, KX Investments, Inc., Arch Petroleum, Roy Browning, Gary B. Laughlin, Mosbacher Energy Corporation, Pioneer Oil & Gas, DKE Dyersdale, Inc., Cathy Mengden Dohnalek, Walter H. Mengden, Jr., Walter H. Mengden, III, John Mengden, Joseph Mengden, Carl Crawford Mengden, Susan Mengden, Michael Mengden, and Pati Dubose, Inc.

ment not to partition will be honored by the courts. *Id.* The pooling agreements creating the units involved in this case each contain agreements not to partition.

The pooling agreements for the Dubose "A" Unit, Dubose "B" Unit and Baker Unit each contain a clause providing that the pooling agreement shall remain in effect for a primary period ending October 4, 1964:

> and as long thereafter as the pooled mineral is being produced or shut-in gas royalties are paid under the terms of the mineral leases and amendments thereto which are included in the pooled unit, or so long as drilling operations or reworking operations are being prosecuted thereon with no more than 60 days between cessation of either production or such operations and the beginning or resumption of either of them from time to time thereafter. The unit created hereunder may be dissolved at any time either in its entirety or as to any one or more strata or stratum by an instrument executed by Lessees and filed for record in the office of the County Clerk of Gonzales County, Texas, provided the mineral and royalty owners under the leases included within the pooled unit have previously consented in writing to such dissolution.

This clause expresses an agreement to not partition the mineral interests without the written consent of all the mineral and royalty owners.

The designations of unit for both the Borchers–Hilbrich–Gardien Unit and the Dubose No. 1 Unit also contain a clause waiving the right of partition. Both designations conclude with a clause stating that the designation of unit:

> will become effective as of the date a counterpart thereof is recorded in Gonzales County, Texas, and shall remain in effect for a period of ninety (90) days

and so long thereafter as there is a well within the pooled area capable of producing gas, condensate, distillate or other liquid hydrocarbon except oil, or producing, drilling or reworking operations are being conducted thereon with no cessation of more than sixty (60) consecutive days.

This clause waives the parties' right to partition at will by establishing the conditions under which the unit will cease to exist. The parties agreed to maintain the unit as long as there is a well producing "gas, condensate, distillate or other liquid hydrocarbon except oil" or as long as "producing, drilling or reworking operations are being conducted." The contracts creating the Dubose No. 1 Unit and the Borchers–Hilbrich–Gardien Unit both express a waiver of the right of partition.

The remaining two units at issue, the Elenora Gas Unit and the Campbell–Hahn Gas Unit, were created with one declaration of pooling and unitization. The final clause of the declaration states that it was made:

> pursuant and under the terms and provisions of the oil and gas leases relating and pertaining to each unit created hereby, all to the end that such leases as to each such unit created hereby, are pooled, combined and unitized for the purpose of producing gas from the Edwards Lime Reservoir ... through any well or wells now or hereafter drilled to, completed in and producing from said Edwards Lime Reservoir on any unit created hereby.

Because we conclude that this provision provides that the unit continues to exist as long as the pooled leases are in effect, we find that the declaration contains a waiver of the right to partition.

A unit is dependent upon existing mineral leases. *Texaco, Inc. v. Letter-*

*mann,* 343 S.W.2d 726, 731 (Tex.Civ. App.—Amarillo 1961, writ ref,d, n.r.e.). A unit exists only if it is made up of two or more leases which are in full force and effect. *Id.* at 730. The declaration states that it exists "under the terms and provisions of the oil and gas leases" which are pooled by the declaration of pooling and unitization. Under the terms of the declaration, the unit will exist as long as the pooled leases exist. By entering into the agreement to unitize, the parties agreed to maintain the unit as a whole while the underlying leases were in effect. The declaration contains an agreement not to partition.

Although MCEN holds property interests in the gas units which are the subject of this lawsuit, MCEN's right to partition these interests is subject to the express agreements not to partition found in the declarations which created the units. MCEN's first issue is overruled.

In its second issue, MCEN argues that the trial court erred in granting summary judgment for the appellees. When a summary judgment does not specify the ground upon which the trial court relied for its ruling, the appellate court must affirm the judgment if any of the grounds raised in the motion for summary judgment are meritorious. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex. 1993); *Swoboda v. Swoboda,* 17 S.W.3d 276, 279 (Tex.App.—Corpus Christi 2000, no pet.).

In the case now before this Court, the trial court did not specify the basis for its ruling in the final judgment. In their motion for summary judgment one of the grounds raised by the appellees was that the pooling agreements and operating agreements contained agreements not to partition. As discussed above, the agreements creating the units contain agreements not to partition. The trial court

properly granted appellees' motion for summary judgment. MCEN's second issue on appeal is overruled.

The judgment of the trial court is AFFIRMED.