José Maria TREVIÑO, Leopoldo Treviño, Zoila Treviño, Eustolia Garza, and Emma T. Gonzalez, Appellants,

v.

Ernesto TREVIÑO, Guadalupe P. Treviño, F.R. Nye, Jr., Estate of Tomas Treviño and his heirs, Maria Imelda T. Ramon, Yolanda T. Alvarez, Delia Chavarria, and Dalia T. Olivarez, Appellees.

No. 04–00–00550–CV.

Court of Appeals of Texas, San Antonio.

Oct. 10, 2001.

Margil Sanchez, Jr., Rio Grande City, for Appellants.

Charles A. Nicholson, Law Offices of Charles Nicholson, San Antonio, Frank R. Nye, Jr., Law Offices of Frank R. Nye, Jr., Rio Grande City, for Appellees.

Sitting: TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, and SARAH B. DUNCAN, Justice.

Opinion by SARAH B. DUNCAN, Justice.

José Maria Treviño, Leopoldo Treviño, Zoila Treviño, Eustolia Garza, and Emma T. Gonzalez appeal the trial court's summary judgment in their partition suit against Ernesto Treviño, Guadalupe P. Treviño, F.R. Nye, Jr., the Estate of Tomas Treviño and his heirs, Maria Imelda T. Ramon, Yolanda T. Alvarez, Delia Chavarria, and Dalia T. Olivarez. We reverse the trial court's judgment and remand the cause for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises out of a suit to partition the surface of 805.52 acres of land ("the Treviño Ranch") located in Starr County. In 1987, the last known record title holders to the Treviño Ranch were Geronimo Saenz and Miguel Saenz or their heirs. However, from 1924 to 1929, the Treviño Ranch was occupied by Tranquilino Treviño and his wife, Gorgonia Moreno Treviño. In 1929, Tranquilino Treviño died intestate. After his death, Gorgonia Treviño continued to occupy and use the Treviño Ranch until her death in 1937. She also died intestate.

After Gorgonia Treviño's death, her children and grandchildren began using the Treviño Ranch. Together, the Treviño descendants executed oil and gas leases; and certain of them conveyed their undivided interests in the Ranch to other Treviño descendants and to persons outside the family. Some time between 1946 and 1955, the ranch was abandoned; and the land was no longer actively used for planting crops or grazing cattle. Shortly thereafter, the children of Tranquilino's and Gorgonia's son Teofilo—Tomas, now deceased, and Ernesto—began repairing the existing fences and corrals, grazing cattle, and making other improvements such as building a new stock tank and dam. At the same time, the children of Tranquilino's son Manuel continued to use the land for recreational purposes only. The parties dispute whether Ernesto eventually denied access to the land to Manual's children or, conversely, consented to their continued recreational use.

In the mid–1980s, Ernesto and Guadalupe Treviño filed a trespass to try title suit against the heirs, successors, and assigns of the last known record owners of the Treviño Ranch, Geronimo Saenz and Miguel Saenz. In 1987, the court granted a no-answer default judgment, purporting to vest fee simple title in the Treviño Ranch in Ernesto and Guadalupe Treviño, subject to a one-third mineral interest conveyed to their attorney, F.R. Nye, Jr., as attorney's fees. So far as the summary judgment record reflects, Manuel's children were not parties to this suit.

In 1992, Manuel's children—José, Leopoldo, Zoila, Eustolia, and Emma (Plaintiffs)—filed suit against Ernesto and Guadalupe Treviño, their attorney in the adverse possession suit, F.R. Nye, Jr., the Estate of Ernesto's brother, Tomas Treviño, Tomas' children—Maria, Yolan-

da, Delia, and Dalia—and Tomas' heirs (collectively, Defendants) to partition the surface of the Treviño Ranch. Plaintiffs claim undivided interests in 150.52 acres of the ranch through inheritance from Tranquilino and Gorgonia Treviño.[1] In response, Defendants filed a general denial and a plea of not guilty and alleged several affirmative defenses. Defendants subsequently filed a motion for summary judgment denying they or the Plaintiffs acquired title by inheritance from Tranquilino and Gorgonia Treviño. The Defendants instead traced their ownership interest to the 1987 judgment and contend: (1) there is no evidence Plaintiffs acquired title through a "common source"; and (2) the undisputed facts establish they are entitled to judgment as a matter of law on their affirmative defenses. The trial court granted the Defendants motion and the Plaintiffs appealed.

## I. MOTION TO STRIKE

■ Plaintiffs first argue the trial court erred in overruling their motion to strike Defendants' motion for summary judgment because Defendants' motion was filed after the scheduling order deadline for filing motions had passed and without leave of court. We disagree.

■ Rule 166 of the Texas Rules of Civil Procedure relates to pretrial conferences. TEX.R. CIV. P. 166. The rule provides that an order shall be made at the pretrial conference hearing, and "such order when issued shall control the subsequent course of the action." *Id.* Nevertheless, the trial court retains the authority under Rule 166 to modify an order to prevent manifest injustice. *Id.* Because the trial court has a "duty

to schedule its cases in such a manner as to expeditiously dispose of them" and is given "wide discretion in managing its docket ... we will not interfere with the exercise of that discretion absent a showing of clear abuse." *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex.1982).

The docket control order set February 8, 2000 as the deadline for the filing of all motions by either party. Without leave of court, Defendants filed their motion for summary judgment on March 2. On March 3, the trial court set the motion for submission on March 31. Plaintiffs then filed a motion to strike Defendants' motion for summary judgment. On July 12, the trial court signed an order denying Plaintiffs' motion to strike and granting Defendants' motion for summary judgment.

By overruling plaintiffs' motion to strike and setting defendants' motion for summary judgment for submission, "the trial court implicitly modified the docket control order." *Ocean Transp., Inc. v. Greycas, Inc.*, 878 S.W.2d 256, 262 (Tex.App.—Corpus Christi 1994, writ denied). Although the trial court's reasoning is not apparent from the record, it appears the trial court allowed the late filed motion for summary judgment to prevent an unnecessary trial. Plaintiffs do not claim they did not receive adequate notice and opportunity to respond to defendants' motion. *See* TEX.R. CIV. P. 21; 166(c). We therefore conclude the trial court did not abuse its discretion in overruling plaintiffs' motion to strike. Plaintiffs' first point of error is overruled.

## II. SUMMARY JUDGMENT

■ Because the trial court did not specify a ground for its ruling, Plaintiffs bear the burden of showing each ground

---

1. The summary judgment record does not reflect how the Plaintiffs arrived at 150.52 acres.

alleged in the Defendants' motion is insufficient to support the trial court's summary judgment. *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995). We first review the "common source" ground and then turn to Defendants' affirmative defenses.

### A. Common Source

Plaintiffs argue the trial court erred in granting Defendants' motion for summary judgment, because they produced "more than a scintilla" of evidence they and Defendants acquired title to the Treviño Ranch through a common source—Tranquilino and Gorgonia Treviño.

### 1. Standard of Review

We review a summary judgment de novo. *Valores Corporativos, S.A. de C.V. v. McLane Co.*, 945 S.W.2d 160, 162 (Tex.App.—San Antonio 1997, writ denied). Therefore, we will affirm a no-evidence summary judgment under Rule 166a(i) only if the respondent fails to produce summary judgment evidence raising a genuine issue of material fact on each challenged element. *See* TEX.R. CIV. P. 166a(i). A genuine issue of material fact is raised when the respondent produces "more than a scintilla of probative evidence" on the challenged element. *Benitz v. Gould Group*, 27 S.W.3d 109, 113 (Tex.App.—San Antonio 2000, no pet.). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997), *cert. denied*, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998).

### 2. Applicable Law

There are cases, even from this court, that state the plaintiff in a partition suit must establish he and the defendant acquired their title through a "common source." *See, e.g., Rackley v. May*, 478 S.W.2d 219, 225 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.); *Herbst v. Martinez*, 307 S.W.2d 633, 634 (Tex.Civ. App.—San Antonio 1957, no writ). However, the "common source" doctrine is an attribute of the law of trespass to try title. *See* TEX.R. CIV. P. 798 ("Common Source of Title"). To compel partition, on the other hand, a plaintiff need only establish that he owns an interest in the property and has a right to possession of a portion thereof. *See* TEX. PROP.CODE ANN. § 23.001 (Vernon 2000); *Manchaca v. Martinez*, 136 Tex. 138, 148 S.W.2d 391, 391 (1941). In the interest of justice, we will construe Defendants' motion for summary judgment as alleging there is no evidence Plaintiffs own an interest in the Treviño Ranch.

### 3. Discussion

The summary judgment evidence establishes Plaintiffs are descendants of Tranquilino and Gorgonia Treviño and their son Manuel, all of whom died intestate. Consequently, if Tranquilino and Gorgonia owned the Treviño Ranch, Plaintiffs inherited undivided interests in the ranch through intestate succession. *See* TEX. PROB.CODE ANN. § 37 (Vernon Supp. 2000); *see Sonenthal v. Wheatley*, 661 S.W.2d 169, 172 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). Plaintiffs presented some evidence tending to establish Tranquilino and Gorgonia acquired title to the ranch by adverse possession under the ten-year statute of limitations.

Adverse possession requires "actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." TEX. CIV. PRAC. & REM.CODE ANN. § 16.021(1) (Vernon 1986). Under the ten-year limitations statute, a claimant must hold the real property in adverse posses-

sion continuously for ten years or more. *Id.* at § 16.026(a) (Vernon Supp.2000). However, the limitations period can be satisfied by tacking successive interests if there is "privity of estate between each holder and his successor." § 16.023 (Vernon 1986). "To show privity of estate with prior possessors, the adverse claimant merely has to show a transfer and delivery of possession from one possessor to the next." *Fish v. Bannister,* 759 S.W.2d 714, 717 (Tex.App.—San Antonio 1988, no writ.). When a claimant relies on grazing to acquire limitation title, there must be evidence the claimant designedly enclosed the land at issue. *Orsborn v. Deep Rock Oil Corp.,* 153 Tex. 281, 267 S.W.2d 781, 785 (1954). An exception to the enclosure requirement exists if the claimant can prove sufficient non-grazing use of the land such that the true owner would have notice of the hostile claim. *See Butler v. De La Cruz,* 812 S.W.2d 422, 424 (Tex. App.—San Antonio 1991, writ denied).

The evidence in the summary judgment record tends to establish Tranquilino and Gorgonia Treviño held the disputed land in adverse possession from 1924 to 1929, and Gorgonia held the disputed land through intestate succession from 1929 to 1937. Thus, by tacking the interests of Tranquilino and Gorgonia, the property was held continuously by the elder Treviños for more than ten years. During this period, the land was used primarily for ranching and grazing a herd of cattle. The entire 805 acres was enclosed by a fence. There is also evidence suggesting the elder Treviños farmed the land, built a large manmade pond for watering the cattle, and built corrals and a small one-room house or "jacal" with a kitchen. There is also evidence suggesting the elder Treviños used the land to the exclusion of others. Not only did no one dispute their claim to the ranch, it was known and referred to as "El Rancho de Los Treviños." And the

Treviño cattle brand was registered by Tranquilino Treviño with the Starr County clerk.

Taking the evidence favorable to Plaintiffs as true and resolving all doubts in their favor, we hold Plaintiffs provided some evidence the elder Treviños acquired title to the land by adverse possession and Plaintiffs succeeded to their interest through intestate succession. Therefore, the trial court erred in granting Defendants' no-evidence summary judgment.

### B. Affirmative Defenses

Plaintiffs also contend the trial court erred in granting Defendants' motion for summary judgment on their affirmative defenses.

#### 1. Standard of Review

As noted above, we review a summary judgment de novo. *Valores Corporativos, S.A. de C.V. v. McLane Co.,* 945 S.W.2d 160, 162 (Tex.App.—San Antonio 1997, writ denied). Therefore, we will affirm a summary judgment under Rule 166a(c) only if the summary judgment record establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law on a ground set forth in the motion. *Id.;* TEX.R. CIV. P. 166a(c). In deciding whether a disputed fact issue precludes summary judgment, we take evidence favorable to the respondent as true and indulge every reasonable inference and resolve all doubts in his favor. *See Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

#### 2. Collateral Estoppel

Defendants argue Plaintiffs are collaterally estopped from bringing this partition suit because it is an impermissible collateral attack on Defendants' 1987 judgment clearing title to the land in question. According to Defendants, Plaintiffs

could have and should have proceeded with a direct attack on the 1987 judgment if they believed they shared title to the land with Defendants as tenants in common. We disagree.

■ "A party seeking to assert the bar of collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Sysco Food Servs., Inc. v. Trapnell,* 890 S.W.2d 796, 801 (Tex.1994). To establish their defense, Defendants offered the 1987 judgment. However, it is unclear from the judgment whether the issue sought to be litigated in the present suit was actually presented and litigated in the former suit. The judgment does make clear, though, that plaintiffs were not parties to the previous suit. We therefore hold the motion for summary judgment cannot be upheld on this ground.

### 3. Laches

■ Defendants also contend Plaintiffs' partition suit is barred by laches because, other than a brief period fifty years ago, Plaintiffs have made no effort to secure possession of the land in question. Rather, they complied with Defendants' exclusive use, recognized Defendants' lock, and made no effort to enter the property after having been physically excluded since 1973 except for brief periods with Defendants' permission. Defendants further argue Plaintiffs admit to knowing Defendants obtained a 1987 judgment clearing title to the land but made no effort to directly attack the judgment. We disagree.

■ To prove a claim is barred by laches, a defendant must prove: "(1) unreasonable delay by one having legal or equitable rights in asserting them; and (2) a good faith change of position by another to his detriment because of the delay." *Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 80 (1989). "Mere lapse of time raises no presumption of laches. It must be an unreasonable delay which has worked injury to another person." *Gulf, C. & S.F. Ry. Co. v. McBride,* 159 Tex. 442, 159 Tex. 442, 322 S.W.2d 492, 500 (1958).

Defendants presented no evidence Plaintiffs' delay in asserting their partition suit caused them to change their position to their detriment or injury. Nor does the summary judgment evidence establish when Plaintiffs first learned of the 1987 judgment. And contrary to Defendants' assertion, the evidence does not establish Plaintiffs were denied access to the property by Defendants. In fact, in José Maria Treviño's deposition testimony, he stated Plaintiffs have never been denied access to the property by Ernesto Treviño and, if it was "still the same lock," he could enter the property. Thus, it does not appear Plaintiffs viewed the lock as a deterrent to accessing the property or a threat to their interest in the property. Nor does the evidence suggest Plaintiffs thought the lock was intended to exclude them rather than third parties. We therefore conclude the trial court erred in granting Defendants' motion for summary judgment on laches.

### 4. Unclean Hands

■ Although Defendants' motion also contends Plaintiffs' suit is barred by the doctrine of unclean hands, neither their motion nor their brief contains argument or citations explicating their argument. From Plaintiffs' brief, we assume Defendants are referring to Plaintiffs' conduct in selling part of their undivided interests in the ranch and their failure to share the proceeds with Defendants. In response,

Plaintiffs maintain Defendants' pleading the defense of unclean hands constitutes an admission that the parties were cotenants. We disagree with both contentions.

Cotenants are "required to share the income generated from the property" held in common. *Walston v. Walston*, 971 S.W.2d 687, 696 (Tex.App.— Waco 1998, pet. denied). On partition, a cotenant who expends funds for the purpose of improving or preserving the property is also entitled to reimbursement from other cotenants for their proportionate share. *Duke v. Squibb*, 392 S.W.2d 885, 888 (Tex.Civ.App.—Texarkana 1965, no writ). However, we are aware of no such rule of law requiring a cotenant to share the proceeds generated by the sale or conveyance of his undivided interest in property. When a cotenant conveys his entire interest, "his grantee simply succeeds to the grantor's right, title, and interest in the common property." *Barstow v. State*, 742 S.W.2d 495, 508 (Tex.App.—Austin 1987, writ denied). Thus, it cannot be said that Plaintiffs' failure to share the proceeds constitutes "unlawful or inequitable conduct regarding the issue in dispute." *Lazy M Ranch, Ltd. v. TXI Operations, LP*, 978 S.W.2d 678, 683 (Tex.App.—Austin 1998, pet. denied). Accordingly, we conclude the trial court erred in granting the Defendants' motion for summary judgment on the doctrine of unclean hands. We likewise conclude Defendants pleading the doctrine of unclean hands after a general denial and in the alternative "may not be treated as a judicial admission." *Francis v. Herrin Transp. Co.*, 473 S.W.2d 664, 668 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ).

### 5. Judicial Estoppel

Defendants also argue Plaintiffs' suit is barred by judicial estoppel. We again disagree. In Texas, the doctrine of judicial estoppel "bars a party, who has successfully maintained a position in a prior judicial proceeding, from later adopting an inconsistent position, unless he can show the prior statement was made inadvertently due to mistake, fraud, or duress." *Vinson & Elkins v. Moran*, 946 S.W.2d 381, 396 (Tex.App.—Houston [14th Dist.] 1997, writ dism'd by agr.); *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292 (1956). However, the doctrine only applies in a subsequent action or proceeding; it does not apply to a contrary position taken within the same proceeding. *See Vinson & Elkins* at 397. An appeal from a prior or former proceeding is not a "subsequent action." *Id.*

In the present case, Defendants cite no law and present no argument as to why Plaintiffs' suit to partition is barred by the doctrine of judicial estoppel and we are unable to glean any reason from the summary judgment evidence. We therefore hold the trial court erred in granting Defendants' motion for summary judgment on judicial estoppel.

### 6. Statute of Limitations

Finally, Defendants argue Plaintiffs' action is barred by the four-year statute of limitations because Plaintiffs failed to challenge the 1987 judgment in favor of Defendants within four years from the date the judgment was entered. We disagree. There is no statute of limitations on partition. Consequently, the trial court erred in granting summary judgment on the four-year statute of limitations.

### CONCLUSION

Because the trial court erred in granting Defendants' motion for summary judgment, we reverse the trial court's judg-

ment and remand the cause for further proceedings.

