**AFFIRM; and Opinion Filed November 16, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01047-CV

### MARK SHERBET AND D'NELLA SHERBET, Appellants
### V.
### RAFAELLA BENDER, Appellee

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-12935-I**

## MEMORANDUM OPINION

Before Justices Bridges, Stoddart, and O'Neill[1]
Opinion by Justice O'Neill

Appellants Mark and D'Nella Sherbet appeal from the trial court's judgment in favor of appellee Rafaella Bender in this suit for partition of certain real property jointly owned by the Sherbets and Bender. In one issue, the Sherbets contend the trial court erred in ordering a partition by sale because Bender was estopped from filing her partition suit without first offering the Sherbets the right to purchase Bender's ownership interest in the jointly-owned property. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

---

[1] The Honorable Michael J. O'Neill, Justice of the Court of Appeals for the Fifth District of Texas—Dallas, Retired, sitting by assignment.

## BACKGROUND

In November 2003, the Sherbets and Bender purchased a house located at 9329 Creel Creek Drive, in Dallas, Texas. The Sherbets (husband and wife) owned a 50% interest in the property, and Bender owned a 50% interest in the property. The Sherbets and Bender lived in the house until July 2008, when Bender moved out. On September 13, 2008, Mark Sherbet sent Bender an e-mail stating that he thought it would be best to put their agreement regarding the house into writing. He attached a document to his e-mail setting out the terms of his proposed agreement. According to his proposal, the Sherbets would continue to live in the house and would pay all utility expenses. The Sherbets and Bender would each continue to pay 50% of the mortgage payment, taxes, and insurance. Any unusual expenses necessary to maintain the value and resale potential of the property would be shared equally by the Sherbets and Bender. He also proposed that both parties be given a first right of refusal to purchase the other party's interest in the property.

Bender responded to Mark Sherbet's e-mail the same day, stating that she was willing to put agreements about the house into writing. In her e-mail, she made several suggestions regarding reimbursement for past expenditures, payment for expensive repairs in the future, and the Sherbets' responsibility for routine repairs and maintenance. Notwithstanding the e-mail exchange, no agreement was ever signed by the parties.

For the next five years, the Sherbets continued to live in the house, and Bender continued to pay 50% of the mortgage payments, taxes, and insurance. In November 2012, Bender filed suit seeking a partition by sale of the jointly-owned property. In response, the Sherbets generally denied the allegations in Bender's petition and asserted affirmative defenses of homestead, waiver, and estoppel. Following a bench trial, the trial court signed a final judgment, finding that the property was not capable of a division in kind and that Bender was entitled to an order of

partition by sale. The trial court ordered that the property be sold, a receiver be appointed to determine the market value of the property and to oversee its sale, a credit be given to the Sherbets for certain expenses incurred, and the net proceeds be divided equally between the parties. The trial court also entered findings of fact and conclusions of law. This appeal followed.

## PARTITION

### STANDARD OF REVIEW

A trial court's findings of fact after a bench trial have the same force and effect as a jury verdict. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *Naik v. Naik*, 438 S.W.3d 166, 172 (Tex. App.—Dallas 2014, no pet.). We review a trial court's findings of fact under the same legal and factual sufficiency of the evidence standards used when determining if sufficient evidence exists to support an answer to a jury question. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Compass Bank v. Goodman*, 416 S.W.3d 715, 718 (Tex. App.—Dallas 2013, pet. denied). In a bench trial, the trial court judges the credibility of the witnesses, determines the weight of testimony, and resolves conflicts and inconsistencies in the testimony. *See Sw. Bell Media, Inc. v. Lyles*, 825 S.W.2d 488, 493 (Tex. App.—Houston [1st Dist.] 1992, writ denied). As long as the evidence falls "within the zone of reasonable disagreement," we will not substitute our judgment for that of the fact-finder. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We review a trial court's conclusions of law de novo and will uphold the conclusions if the judgment can be sustained on any legal theory supported by the evidence. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *Altus Brands II, LLC v. Alexander*, 435 S.W.3d 432, 441 (Tex. App.—Dallas 2014, no pet.).

**APPLICABLE LAW**

To prevail in a suit for partition, "a plaintiff need only establish that he owns an interest in the property and has a right to possession of a portion thereof." *Treviño v. Treviño*, 64 S.W.3d 166, 171 (Tex. App.—San Antonio 2001, no pet.). The absolute right of a co-tenant to compel a partition may be modified or limited by an express or implied agreement. *Thomas v. McNair*, 882 S.W.2d 870, 878 (Tex. App.—Corpus Christi 1994, no writ); *Lichtenstein v. Lichtenstein Bldg. Corp.*, 442 S.W.2d 765, 769 (Tex. Civ. App.—Corpus Christi 1969, no writ). If the parties so agreed, the party who sought a partition would be estopped from asserting such a right. *Lichtenstein*, 442 S.W.2d at 769 (citing *Odstrcil v. McGlaun*, 230 S.W.2d 353, 354–55 (Tex. Civ. App.—Eastland 1950, no writ)). The relinquishment of that right has been characterized as an estoppel or waiver. *See Davis v. Davis*, 44 S.W.2d 447, 450 (Tex. Civ. App.—Texarkana 1931, no writ) (holding that an agreement not to partition acts as an estoppel against the right to partition or as a waiver of such right).

**DISCUSSION**

During oral argument, appellants' counsel informed this Court that the Sherbets do not challenge the trial court's findings of fact and conclusions of law. And even though appellants' brief appears to question whether Bender waived her right to file a partition suit without first offering the Sherbets the right to buy her ownership interest in the property, appellants' counsel clarified during oral argument that the Sherbets do not raise a waiver issue on appeal. Instead, the Sherbets' sole issue on appeal is whether Bender was estopped from filing a partition suit without first offering the Sherbets the right to buy her ownership interest in the property.

The Sherbets contend that the trial court failed to address their affirmative defense of estoppel in its findings of fact and conclusions of law, and ask this Court to reverse and remand to allow the trial court to consider their estoppel defense. We agree that the trial court's findings

–4–

do not specifically reference estoppel. "If the trial court's original findings do not include any findings on a ground of recovery or defense, then the party relying on the ground of recovery or the defense must request additional findings of fact in proper form or the ground is waived." *Levine v. Maverick Cty. Water Control & Improvement Dist. No. 1*, 884 S.W.2d 790, 796 (Tex. App.—San Antonio 1994, writ denied) (citing *Sears, Roebuck & Co. v. Nichols*, 819 S.W.2d 900, 907–08 (Tex. App.—Houston [14th Dist.] 1991, writ denied)); *see also Briggs Equip. Trust v. Harris Cty. Appraisal Dist.*, 294 S.W.3d 667, 674 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). There is nothing in the record indicating the Sherbets asked the trial court to supplement its findings of fact and conclusions of law to address their estoppel defense. We conclude the Sherbets failed to preserve this issue for our review.

We also conclude the Sherbets' estoppel arguments fail on the merits. The trial court made findings of fact and conclusions of law regarding the Sherbets' claim that there was an agreement between the parties not to partition the property. As a co-tenant, Bender had the absolute right to compel a partition; however, her right could be modified or limited by an express or implied agreement. *See Thomas*, 882 S.W.2d at 878; *Lichtenstein*, 442 S.W.2d at 769. If the parties agreed not to partition the property, then Bender would be estopped from asserting her right to partition. *Lichtenstein*, 442 S.W.2d at 769. In finding of fact number four, the trial court found "[t]here is no enforceable agreement between the parties not to seek a partition of the Property." In conclusion of law number four, the trial court concluded, "[t]here is no enforceable agreement between the Parties not to partition the Property." In conclusion of law number five, the trial court further concluded, "[p]laintiff did not expressly nor impliedly waive her right to partition the Property." Because the Sherbets' estoppel defense depends on a threshold finding with respect to an agreement between the parties not to partition the property, the trial court's

findings and conclusions – which the Sherbets do not challenge – negate an estoppel defense under *Lichtenstein*. *See id*.

Nevertheless, the Sherbets rely on a theory of quasi-estoppel and contend they had a "de facto agreement" with Bender. Quasi-estoppel is a long-standing doctrine applied to preclude contradictory positions. *See Forney 921 Lot Development Partners I, L.P. v. Paul Taylor Homes, Ltd.*, 349 S.W.3d 258, 268 (Tex. App.—Dallas 2011, pet. denied). It precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken. *See Lopez v. Muñoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000). The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one in which he acquiesced, or from which he accepted a benefit. *Id.; Forney*, 349 S.W.3d at 268. "Unlike equitable estoppel, quasi-estoppel does not require a showing of a false representation or detrimental reliance." *Forney*, 349 S.W.3d at 268 (citing *Steubner Realty 19, Ltd. v. Cravens Road 88, Ltd.*, 817 S.W.2d 160, 164 (Tex. App.—Houston [14th Dist.] 1991, no writ)).

The Sherbets claim that Bender's conduct in filing suit for partition was "fundamentally inconsistent with her previous position" and created a "wholly unconscionable" result. The Sherbets urge that Bender's previous position was based upon a "de facto agreement" created by the e-mail exchange between the parties: the Sherbets could live in the house indefinitely and Bender would continue paying 50% of the mortgage, insurance, and taxes. And because Bender continued to pay 50% of the mortgage, taxes, and insurance for five years after moving out of the house, the Sherbets contend this was Bender's "previous position" or at least a position in which Bender acquiesced.

We disagree with the Sherbets' reasoning. Based on our review of the evidence, there were e-mail discussions about a possible agreement, but there was no evidence of an agreement

with specific terms that was agreed upon by both parties. The fact that Bender continued paying 50% of the mortgage, taxes, and insurance for five years after moving out of the house could be consistent with the actions of a joint-owner of property who wanted to maintain her investment and her credit rating. There is no evidence that Bender's conduct in filing suit for partition was "fundamentally inconsistent with her previous position."

We also conclude there is no evidence that Bender's partition suit caused an unconscionable result. The Sherbets complain that it is unconscionable that Bender could force the sale of their house; however, Bender has a 50% ownership interest in the house. The Sherbets complain that it is unconscionable that a third party might purchase the property and they might be forced to move out of the house in which they had planned to live for the rest of their lives. And they complain that it is unconscionable that they have had to incur unnecessary litigation expenses and attorney's fees. However, it was the Sherbets' decision to jointly purchase the property with Bender. Both co-owners had a statutory right of partition. The Sherbets have not provided us with any authority to support the idea that a co-owner has a reasonable expectation of a right of first refusal. And there is no evidence in the record that the Sherbets tried to buy Bender's ownership interest in the property. Having their investment converted into cash is not unconscionable. Following the statutory procedures for partition with a trial, judgment, and sale is not unconscionable. Receiving their share of the sale proceeds as ordered in the trial court's judgment is not unconscionable. Although this may not be the result the Sherbets wanted, it is not an unconscionable result.

We conclude the Sherbets did not prove their affirmative defense of quasi-estoppel and Bender was not estopped from filing her suit for partition of the property. The Sherbets' sole issue is overruled.

## CONCLUSION

Having overruled the Sherbets' sole issue, we affirm the judgment of the trial court.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE, ASSIGNED

141047F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARK SHERBET AND D'NELLA
SHERBET, Appellants

No. 05-14-01047-CV       V.

RAFAELLA BENDER, Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-12935-I.
Opinion delivered by Justice O'Neill.
Justices Bridges and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee RAFAELLA BENDER recover her costs of this appeal from appellants MARK SHERBET AND D'NELLA SHERBET.

Judgment entered this 16th day of November, 2015.